[S. F. Nos. 3948 and 3960.   Department Two.—January 20, 1905.]

## PAUL NEUMANN, and FRED NEUMANN, Appellants, v. LOUIS MORETTI, Respondent.

ACTION TO CANCEL INSTRUMENTS—NOTE AND MORTGAGE AS SECURITY FOR LEASE—EVICTION—DAMAGES TO LESSEE—DEMURRER FOR MISJOINDER.—In an action brought jointly by a lessee and by one who executed a note and mortgage as security for the performance of the lease by the lessee, to cancel the note, mortgage, and lease, for eviction of the lessee by the lessor, and for damages for the eviction of the lessee, where the judgment was in favor of the lessor defendant, the lessor's demurrer for a misjoinder of parties plaintiff and of causes of action, which was overruled, need not be passed upon on appeal by the plaintiffs, though it does not appear that the

---

[1] 73 Am. Dec. 639

lessee has any interest in the cancellation of the note and mortgage, nor that the mortgagor has any interest in the damages suffered for eviction by the lessee.

ID.—JOINT DEMURRER TO ANSWER—DENIALS—COUNTERCLAIM.—Where the answer of the lessor denied most of the allegations of the complaint, and pleaded a counterclaim for unpaid dairy products agreed by the lessee to be purchased from the lessor for use in a creamery on the leased premises, and the plaintiffs joined in a general demurrer to the answer, the demurrer was properly overruled if the answer stated a defense or counterclaim against either of the plaintiffs.

ID.—FINDINGS NOT SUSTAINED AS TO MORTGAGOR—SECURITY FOR PERFORMANCE OF LEASE—INDEPENDENT CONTRACT FOR DAIRY PRODUCTS.—Findings that the note and mortgage which were given to secure the performance of the lease were also given as security for the sum that might become due for supplies furnished to the lessee by the lessor, and that the agreement for such supplies was part and parcel of the agreement to lease, and constituted one contract with it, were against the evidence, where the lease contained no mention of any contract for supplies, and the mortgage contained nothing to show that it was given as security for anything other than the lease, and the defeasance signed by the defendant provided for a surrender of the note and mortgage if the lessee faithfully performed the conditions of the lease, and where the independent agreement for the dairy products only purported to bind the lessee individually to pay for them, and did not allude to the mortgage, and there is no evidence to show that the mortgagor requested the furnishing of any dairy products to the lessee.

ID.—RIGHT OF MORTGAGOR TO FINDINGS.—The mortgagor, as between the lessor and the lessee, is entitled to findings as to whether or not anything is due by the lessee to the lessor upon the covenants of the lease as therein expressed, and if anything is due, as to what is the amount thereof.

ID.—APPEAL BY MORTGAGOR—REVIEW OF ORDER DENYING NEW TRIAL.—Where the mortgagor alone appealed from an order denying a new trial, and no such appeal was taken by the lessee, the sufficiency of the evidence to sustain the findings can only be considered as respects the mortgagor, and he is entitled to a reversal where the findings against him are unsupported.

ID.—APPEAL BY LESSEE FROM JUDGMENT—PRESUMPTION—REVIEW.—Where the lessee appeals from the judgment-roll alone, without a bill of exceptions, it must be presumed as against him that the findings are sustained by the evidence and that the evidence was admitted without objection; and the only questions to be considered are whether the judgment is sustained by the pleadings and by the legal conclusions from the facts found, where the pleadings are sufficient as against him, and the court found that the agreement under which the counterclaim of the defendant

arose was made at the time of the lease and as part of the same transaction, and the findings sustain the judgment, it must be affirmed as to him.

APPEAL from a judgment of the Superior Court of Santa Cruz County and a separate appeal from an order denying a new trial as to one appellant. Lucas F. Smith, Judge.

The facts are stated in the opinion.

Hugh B. Osborn, and Benjamin K. Knight, for Appellants.

Charles B. Younger, Jr., for Respondent.

COOPER, C.—These appeals are from the proceedings in the same case, and may be considered together. Defendant recovered judgment, and plaintiffs made a motion for a new trial, which was denied. Both plaintiffs appeal from the judgment, but Paul Neumann alone appeals from the order denying a new trial.

The complaint alleges that on the twelfth day of November, 1902, the defendant executed to plaintiff Fred Neumann a lease of certain premises known as the Seaside Creamery, in the city of Santa Cruz, for the term of one year from the fifteenth day of November, 1902, for the rent of eighty dollars per month, from April 15, 1903, to October 15, 1903, and fifty-five dollars per month for the remaining months of the term; that at the time of the execution of the lease Paul Neumann made and delivered to defendant his promissory note of even date for three hundred dollars, payable one year after date, with interest at the rate of ten per cent per annum, secured by mortgage on certain real estate in the city of Santa Cruz, which mortgage was duly recorded; that said note and mortgage were given as security for the performance of the covenants of the lease on the part of Fred Neumann, and a written defeasance executed and delivered by defendant to Paul Neumann which contained the following clause. "Now this witnesseth that if Fred Neumann shall faithfully perform the conditions of that certain lease this day made by me to him I will surrender this note to said Paul Neumann and will cancel said mortgage"; that in May, 1903, the defendant unlawfully, and contrary to the provisions of the lease, ejected the said lessee, Fred Neumann, from the pos-

session of the leased premises, and ever since has held possession thereof to the damage of Fred Neumann in the sum of five hundred dollars. Judgment is prayed that the lease, note, and mortgage be delivered up and canceled, that defendant be enjoined from disposing of the note, and for five hundred dollars damages in favor of Fred Neumann for being dispossessed of the leased premises.

To the complaint the defendant interposed a demurrer upon the ground, among others, that there was a misjoinder of plaintiffs and a misjoinder of causes of action. The demurrer was overruled, but, as judgment was finally entered in favor of defendant, it is not necessary to pass upon the demurrer here. It is not apparent that Fred Neumann has any interest in the cancellation of the note and mortgage, nor that Paul Neumann has any interest in the damages which Fred Neumann alleges that he suffered by reason of being dispossessed of the premises. Defendant denies most of the allegations of the complaint, and alleges affirmatively that at the time of making the said lease, note, and mortgage Fred Neumann agreed with defendant, as a part of the agreement of lease, that he would purchase all dairy products, milk, and supplies for the use of the business of the said Seaside Creamery from defendant; that the plaintiff Paul Neumann executed the note and mortgage as security for the performance of said agreement, so made by Fred Neumann, to purchase from defendant; that afterwards the defendant, at the request of plaintiffs and each of them, and upon their express promise to pay therefor, did furnish and deliver to Fred Neumann milk, dairy products, and merchandise, for his use in said Seaside Creamery, of the value of seventeen hundred dollars, and that plaintiffs have not paid the same nor any part thereof. Judgment is prayed against plaintiffs, and each of them, for the sum of seventeen hundred dollars, besides interest. Plaintiffs demurred to the answer, and now urge that it does not state facts sufficient to constitute a defense or counterclaim. As the demurrer is general and put in jointly by both plaintiffs, it must be held that the answer is sufficient if it states a defense or counterclaim against either of the plaintiffs. (*O'Callaghan* v. *Bode,* 84 Cal. 495; *Rogers* v. *Schulenburg,* 111 Cal. 284.) We cannot say that the answer did not state facts sufficient to constitute a defense or counter-

claim as to either plaintiff. It states that the agreement as to purchasing supplies from defendant was made at the time of making the lease, and that the note and mortgage were made and given as security therefor.

The court found in favor of defendant and against Fred Neumann as to the eviction, the damages alleged to have been caused by such eviction, and against both plaintiffs on the counterclaim of defendant to the extent of $1,625, for goods, supplies, and dairy products sold and delivered to Fred Neumann. The court further found, as against appellant Paul Neumann, that the note and mortgage were given as security for the sums that might become due for supplies to be furnished Fred Neumann by defendant; that the agreement made as to supplies and goods to be furnished to Fred Neumann was a part and parcel of the agreement to lease, and that the lease and agreement in fact constituted one contract, for which the note and mortgage were given as security. Judgment was ordered and entered that plaintiffs are not entitled to any relief, and that defendant recover judgment against plaintiffs and each of them for $1,625, and interest and costs of suit. Paul Neumann claims that the findings herein specified are not supported by the evidence, and we are of the opinion that his claim is correct. The lease contains no mention of any contract or agreement respecting the furnishing of goods and products to Fred Neumann. The mortgage is an ordinary mortgage to secure the promissory note therein described, and contains not a word as to it being given as security for anything else. The defeasance, made and signed by defendant, provided that he would surrender the note and mortgage provided Fred Neumann "faithfully performed the conditions of that certain lease, etc."

Defendant offered in evidence a written agreement made between himself and Fred Neumann as to the purchase and price of milk, butter, and dairy products from him by Fred Neumann. This contract contained the clause: "Said Neumann agrees to pay to said Moretti for all dairy products delivered to him as above in United States gold coin." While the contract is quite lengthy, and contains ten independent paragraphs, not a word is said therein as to appellant Paul Neumann being liable for the products to be furnished Fred Neumann thereunder, nor as to the mortgage being security

therefor.   There is not a syllable of evidence that appellant ever requested, or agreed to pay for any of the goods and dairy products supplied to Fred Neumann.   The books were kept by Fred Neumann.   Defendant's counsel in their brief do not point out any evidence tending to support the findings. They claim that the agreement as to the purchase of goods and dairy products should be read into the lease as a part thereof; and cite many authorities which have no application. It would be difficult for them to find any authority to sustain the proposition that the independent contract as to purchasing supplies for the creamery was a part of the lease.   The lease was in writing, and was one contract, the mortgage was in writing, and was a contract to secure the performance of the covenants of the lease to the extent of three hundred dollars, and the contract as to purchasing goods from defendant was in writing, and it is not shown by the evidence that it had anything to do with the lease.   As between Paul Neumann and defendant, Paul Neumann is entitled to a finding as to whether or not anything is due by Fred Neumann to defendant under the covenants of the lease as therein expressed, and if anything is due, the amount thereof.   If nothing is due, then appellant is entitled to have the note and mortgage canceled.   Plaintiff Fred Neumann did not appeal from the order denying the motion for a new trial.   His appeal is on the judgment-roll alone, without a bill of exceptions.   We must therefore presume, as against him, that there is evidence sufficient to sustain the findings, and that such evidence was admitted without objection.   He can only question the judgment with reference to the pleadings and whether or not it is the legal conclusion from the facts found.   No claim is made that the judgment is not the legal conclusion from the findings, and this leaves only the question as to whether or not the pleadings are sufficient to support the findings and judgment.   In view of the liberal construction to be placed upon the pleadings, where the evidence does not appear to have been objected to, and the findings are conclusive, we think the pleadings are sufficient as to Fred Neumann.

The court found that the agreement under which the counterclaim arose was made at the same time as the lease and was a part of the same transaction.   The answer alleges ''that at the time of making and executing said lease, said parties

thereto in order to more specifically arrange as to the manner of conducting the business of said Seaside Creamery, said Louis Moretti and Fred Neumann made, entered into, and executed a further agreement," etc.

We advise that the judgment as to Fred Neumann be affirmed, and as to Paul Neumann that the judgment and order be reversed.

Harrison, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment as to Fred Neumann is affirmed, and as to Paul Neumann the judgment and order are reversed.

McFarland, J., Lorigan, J., Henshaw, J.