(November 20, 1915.)

DAVID JONES and SARAH JANE JONES, Appellants, v. F. C. MOSS and GEORGE REZAC, Trustee of the said F. C. MOSS, Respondents.

[153 Pac. 249.]

JOINT DEMURRER—ERROR TO OVERRULE AS TO ONE DEFENDANT AND SUSTAIN AS TO THE OTHER.

1. A joint demurrer of two defendants should be overruled if the complaint states a cause of action against either of them.

APPEAL from the District Court of the Seventh Judicial District, in and for Canyon County. Hon. Ed. L. Bryan, Judge.

Action upon a note. Defendants' joint demurrer sustained in part and overruled in part. *Reversed.*

A. H. Bowen, for Appellants.

If the complaint states a cause of action against one of several defendants, a joint demurrer cannot be sustained.

(*Asevado v. Orr,* 100 Cal. 293, 34 Pac. 777; *Rogers v. Schulen-burg,* 111 Cal. 281, 43 Pac. 899; 1 Sutherland on Pleadings, sec. 290; *Dunn v. Gibson,* 9 Neb. 513, 4 N. W. 244; *Missouri Valley Land Co. v. Bushnell,* 11 Neb. 192, 8 N. W. 389.)

A demurrer may generally be filed by all or more than one coparty, but in such case it will be overruled if not good as to all the parties joining therein. (31 Cyc. 329.)

A joint demurrer filed by two or more parties cannot be sustained if the pleading is good as to any one of the parties demurring. (31 Cyc. 332; *Neumann v. Moretti,* 146 Cal. 25, 79 Pac. 510; *Hirshfeld v. Weill,* 121 Cal. 13, 53 Pac. 402.)

W. A. Stone, for Respondents, files no brief.

BUDGE, J.—On April 23, 1915, plaintiffs filed their complaint in the district court of the seventh judicial district, in which, among other things, they allege that on February 15, 1912, defendant, F. C. Moss, made, executed and delivered to one Susan Langdell his promissory note of that date for the sum of $337.95, payable three years after date, with interest at six per cent; that during June, 1912, the payee of said note died in Canyon county; that prior to her death she executed her last will and testament under which, on her death, plaintiffs became the owners of the note sued upon. Plaintiffs further allege that defendant, George Rezac, claims to be a trustee of and for defendant F. C. Moss, and claims to hold all of the property of said defendant Moss in trust; that demand was made on the defendants Moss and Rezac for the payment of the note, but that such payment was refused. Plaintiffs pray for judgment for the amount of the note sued upon against Moss, together with interest and attorney fees, and for judgment against Rezac as trustee, to be paid out of any estate in his possession or control, as such trustee, belonging to Moss.

Defendants filed a joint demurrer averring that the complaint fails to state facts sufficient to constitute a cause of action against the defendants or either of them. On May 18, 1915, the demurrer was argued, submitted and by the

court taken under advisement. On July 13, 1915, the court sustained the demurrer as to defendant Rezac, and overruled it as to defendant Moss; to which ruling of the court plaintiffs excepted, and declined to plead further. Whereupon the action was dismissed against defendant Rezac.

This is an appeal from the order and judgment of the trial court sustaining the demurrer as to defendant Rezac, and dismissing the action as to him. Counsel for respondents filed no brief.

The point relied upon by appellants for reversal of the judgment is, that the demurrer being joint, the court erred in sustaining it as to one of the defendants and overruling it as to the other.

The trial court found that the complaint states a cause of action against defendant Moss, but that it fails to state a cause of action against defendant Rezac. Accordingly, under the well-known rules of practice, where a demurrer is joined in by several defendants on the ground that the complaint does not state a cause of action, while it is not error to overrule it as to all defendants if a cause of action be stated against any one of them, though a cause of action may not be stated as to all, yet it is error to overrule such joint demurrer as to one defendant and sustain it as to another. (*Irwine v. Wood,* 7 Colo. 477, 4 Pac. 783; *Asevado v. Orr,* 100 Cal. 293, 34 Pac. 777; *Rogers v. Schulenburg,* 111 Cal. 281, 43 Pac. 899; *Hirshfeld v. Weill,* 121 Cal. 13, 53 Pac. 402; *Stiles v. City of Guthrie,* 3 Okl. 26, 41 Pac. 383; *Oliver v. City of Denver,* 13 Colo. App. 345, 57 Pac. 729; *Neumann v. Moretti,* 146 Cal. 25, 79 Pac. 510; *Smith v. Clark,* 37 Utah, 116, Ann. Cas. 1912B, 1366, 106 Pac. 653, 26 L. R. A., N. S., 953; 31 Cyc. 274, 329.)

The judgment is reversed and the cause remanded, with instructions to the trial court to overrule the demurrer as to both defendants. Costs of this appeal awarded to appellants.

Sullivan, C. J., and Morgan, J., concur.