[Civ. No. 5270. Third Appellate District.—March 9, 1935.]

CALIFORNIA MUTUAL COMPANY (a Corporation), Respondent, v. EMILIE L. VOIGT et al., Appellants.

[Civ. No. 5271. Third Appellate District.—March 9, 1935.]

CALIFORNIA MUTUAL COMPANY (a Corporation), Respondent, v. EMILIE L. VOIGT et al., Appellants.

Eugene Kelly for Appellants.

Robert S. Fisher and Pinney & Lockwood for Respondent.

THOMPSON, J.—The defendants have appealed from judgments which were rendered against them in an action for specific performance of three contracts to purchase certain lots in Los Angeles. The complaint sought to compel the payment of the balance of the purchase price of the lots according to the terms of the agreements. A general demurrer to the second amended answer was sustained. The defendants refused to amend their pleading, and judgment was rendered against them for specific performance of the contracts. The defendants have also appealed from a separate judgment which was rendered against them in the same suit, sustaining a special demurrer to their cross-complaint or special answer to the complaint which charges the plaintiff with procuring the contracts to purchase the lots by the exercise of fraud.

The complaint is couched in three separate causes of action based upon three separate contracts for the sales of different

lots. The contracts are attached to the complaint as exhibits and made a part thereof. The complaint alleges that the plaintiff was the owner of lots 86, 97, 192 and 193 of tract 8077 of Los Angeles, according to the map of that tract on file in Los Angeles County; that lot 97 was sold on contract to the defendants Emilie, Anna and Esther Voigt, October 19, 1927, for the sum of $2,750, and that $1666.46 of the purchase price thereof still remains unpaid, together with interest thereon from March 1, 1932; that lot 86 was sold on contract to all four of the defendants, November 1, 1927, for $2,750, and that $1666.46 of the purchase price remains unpaid, together with interest thereon from March 1, 1932; that lots 192 and 193 were sold on contract to Emilie, Anna and Esther Voigt, October 16, 1927, for the sum of $15,000 and that $9,251.48 of the purchase price remains unpaid, together with interest from February 17, 1932. It is then alleged that the lots are reasonably worth the sums for which they were sold; that the defendants "failed, defaulted, neglected and refused to pay" the balances of the purchase prices of their respective lots, and that they have "in writing, repudiated their obligations upon the said contract"; that the plaintiff has tendered to the purchasers of the lots, deeds of conveyance thereto, to be delivered upon the payments of the balances due thereon, but that the defendants have failed and refused to accept the deeds or pay the balances due upon the purchase prices thereof. It is then alleged that counsel fees in the sum of $750 and other expenses have been incurred on account of the defendants' default, and specific performance of the contracts is sought to compel the payment of the balances due according to the terms of the contracts, together with costs and counsel fees.

The second amended answer specifically denies each and every material allegation of the complaint. As a further and separate answer to the complaint it is affirmatively alleged in the same pleading that the contracts to purchase the real property were procured by fraud and misrepresentations, among which it is specifically charged that the plaintiff and its agents falsely represented that water mains, gas mains and an electric system were installed underground in the street opposite the lots, and that those utilities would be available to the purchasers for the benefit of the lots,

but that these improvements had not in fact been so installed as the plaintiff well knew, and that the defendants were thus damaged to the full amount of the unpaid portion of the purchase prices of the lots. The answer then prayed that the plaintiff take nothing by its suit. This special defense was termed a cross-complaint.

A general demurrer to the answer was sustained. The defendants refused to amend their pleading, and judgment for specific performance was rendered against them. A special demurrer to the special defense of fraud on the grounds of uncertainty and laches and the alleged expiration of the statute of limitations, was also sustained and a separate judgment was entered dismissing that defense to the action and rendering judgment against the defendants. From these separate judgments the defendants have appealed.

█ The general demurrer to the second amended answer was erroneously sustained. Every material allegation of the complaint was controverted. These specific denials raise issues constituting a good defense to the complaint which require a trial on the merits of the cause. (*Snipsic Co.* v. *Smith,* 7 Cal. App. 150 [93 Pac. 1035]; *Tustin Pkg. Co.* v. *Pacific Coast Fruit Auction Co.,* 21 Cal. App. 274 [131 Pac. 338]; 6 Standard Ency. of Proc., p. 993, sec. D–4.)

█ The demurrer to the special defense of fraud also states a good defense to the complaint on that ground. It is not uncertain, but on the contrary is very specific in the allegations of fraud upon which the defendants rely. It does not appear from the pleadings the defendants are guilty of laches or that the statute of limitations has run against them. The contracts to purchase the real property contain clauses which the answer asserts were fraudulently inserted therein, to the effect that the purchasers of the property have inspected the lots, and rely upon their own information and knowledge with respect thereto and not upon the representations of the grantor, and that any alleged misrepresentations or fraud on the part of the grantor is therefore waived. Undoubtedly the trial court deemed this clause of the contracts to be a complete waiver of the alleged defense of fraud contained in the special defense of the cross-complaint, and sustained the demurrer thereto on that account. █ It has been definitely held, contrary to

the rule which formerly prevailed in this jurisdiction, that a party who has been defrauded by misrepresentations knowingly made which induce him to purchase property, may rescind the contract notwithstanding the existence of a clause therein which purports to waive any alleged misrepresentations or fraud with relation thereto, on the theory that one who has procured a contract by means of fraud may not profit by his own wrong. (*Speck* v. *Wylie*, 1 Cal. (2d) 625 [36 Pac. (2d) 618, 95 A. L. R. 760]; *Lozier* v. *Janss Inv. Co.*, 1 Cal. (2d) 666 [36 Pac. (2d) 620]; Restatement of the Law of Agency, sec. 259.) The demurrer to the special defense of fraud or the cross-complaint, as it is termed, was also erroneously sustained.

The judgments are reversed and the court is directed to overrule the general and special demurrers and proceed to try the cause on its merits.

Pullen, P. J., and Plummer, J., concurred.