[Civ. No. 24616. Second Dist., Div. Two. July 28, 1960.]

THE PEOPLE ex rel. STATE LANDS COMMISSION, Plaintiff and Respondent, v. CITY OF LONG BEACH, Defendant and Respondent; CARL WHITSON, Movant and Appellant.

Carl Whitson, in pro. per., for Appellant.

Stanley Mosk, Attorney General, Howard S. Goldin, Deputy Attorney General, Walhfred Jacobson and Gerald Desmond, City Attorneys, O'Melveny & Myers and Pierce Works for Respondents.

KINCAID, J. pro tem.*—Appellant hereinafter referred to as ''Whitson'' appeals from two orders denying him leave to

*Assigned by Chairman of Judicial Council.

intervene in the within action. The first such order granted an ex parte motion to vacate and set aside a prior ex parte order allowing Whitson to intervene. The second order denied his application for leave to intervene, made on notice.

On July 26, 1957, plaintiff, the People of the State of California, filed a "Complaint for Declaratory Relief and to Quiet Title" to certain tide and submerged lands. This case involved the interpretation and legal effect of a quitclaim deed of October 15, 1932, from the city of Long Beach to the State of California. Subsequently defendant filed its answer and cross-complaint with the plaintiff's answer thereto following. A pretrial conference was held and after several continuances the trial of the case commenced on November 24, 1959. Certain documents were received in evidence and the trial was thereupon continued to January 18, 1960. The minute order stated in part: "In the event that counsel are able to present the matter by Briefs at that time, no further hearing shall be had, and cause shall be deemed submitted." The only additional evidence received in the trial after November 24, 1959, was a written stipulation of facts filed with the trial court.

On December 3, 1959, Whitson presented a complaint in intervention, in propria persona, and a petition for intervention. These were presented ex parte to a court commissioner who granted the leave and the complaint in intervention was thereupon filed. Thereafter on December 9, 1959, said commissioner by ex parte order struck the complaint in intervention from the files and signed a judgment of dismissal of the complaint in intervention.

On December 16, 1959, Whitson filed a notice of motion for leave to intervene or appear amicus curiae. This motion was noticed before the trial judge and, after hearing, was denied.

The sole issue on appeal is: Did the trial court properly deny to Whitson permission to intervene in the instant case?

■■■ Appeal may be taken from an order denying leave to intervene (*Dollenmayer* v. *Pryor*, 150 Cal. 1, 3 [87 P. 616]).

■ If leave to intervene is first granted and later set aside or stricken on motion, the intervener may appeal from the order striking the complaint in intervention (*Ryan* v. *McKinley*, 124 Cal.App.2d 765, 766 [13 P.2d 522]; *Jersey Maid Milk Products Co.* v. *Brock*, 13 Cal.2d 661, 665 [91 P.2d 599]).

There are several valid grounds upon which the court might

properly exercise its discretion in denying the right of Whitson to intervene in the within action. ■ One such ground is that the application to intervene was not timely made in that it was not made at a time before trial of the action. Section 387 of the Code of Civil Procedure provides in part as follows: "At any time *before trial,* any person, who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding. . . ." (Emphasis supplied.)

The trial had commenced on November 24, 1959, and the first petition for intervention and complaint were not filed until December 3, 1959. Under these circumstances the action of the trial court in denying the successive applications was proper. ■ As pointed out in *Hibernia etc. Society* v. *Churchill,* 128 Cal. 633, 636 [61 P. 278, 79 Am.St.Rep. 73], section 387 of the Code of Civil Procedure, requires an intervention to be made "before trial" and an intervention will not be allowed when it would retard the principal suit, or require a reopening of the case for further evidence, or delay the trial of the action, or change the position of the original parties. The complaint in intervention offered by Whitson sought to enlarge the scope and function of the proceedings then in course of trial in that said complaint attempted to inject questions of asserted federal title and interest into a declaratory relief and quiet title suit between the plaintiff state and the defendant city as well as seeking to attack the validity of a deed from the former to the latter executed in 1932. A consideration of these expanded issues would manifestly have delayed the trial of the action in that the taking of additional evidence would have been required. ■ Furthermore, the right of a third person to intervene in a pending action is purely statutory. ■ As stated in *Faus* v. *Pacific Elec. Ry. Co.,* 134 Cal.App.2d 352, 355-356 [285 P.2d 1017] : "Intervention is not a matter of absolute right, but may be permitted by leave of court when the petitioner shows facts which satisfy the requirements of section 387 of the Code of Civil Procedure, the statute authorizing intervention by one not originally a party to an action. [Citation.] Section 387 provides in part that at any time before trial, any person who has an interest in the matter in litigation or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding. The word 'interest' is of crucial significance and has a definite legal meaning in intervention proceedings. ■ It is well set-

tled that the interest referred to must be 'in the matter in litigation and of such a direct or immediate character that the intervenor will either gain or lose by the *direct legal operation and effect* of the judgment.' (Emphasis added.) [Citations.]

Not only must the interest be direct rather than consequential, but 'it must be an interest which is proper to be determined in the action in which the intervention is sought.' [Citations.]"

Whitson had no such interest in the matters involved in the instant suit which are of such direct or immediate character as to cause him to either gain or lose through whatever judgment may result. The allegation that he owns houses on lots *near* the lands in litigation is far short of a claim to any interest in the lands *in* litigation. At most he only advances a claim of ownership to lands located in the city of Long Beach and fails to demonstrate that he has any direct claim to or interest in any of the tide and submerged lands involved in this litigation or to or in the minerals therein contained. If he has any interest it is at best indirect and the court in its discretion was entitled to determine that such interest is not one which is proper to be determined in the within action.

Appellant's reliance on *County of San Bernardino* v. *Harsh California Corp.*, 52 Cal.2d 341 [340 P.2d 617], is without avail in that, as specifically set forth at page 347, that case turns on a federal statute, whereas the Faus case is approved as being governed by state law. As further said (p. 346) : "The purposes of intervention are to protect the interests of those who may be affected by the judgment [citations] and to obviate delay and multiplicity of actions [citations], but intervention may be denied if these objectives are outweighed by the rights of the original parties to conduct their lawsuit on their own terms." The instant case is governed by state law and the interests of appellant are not such as to justify his interference with the orderly trial of the issues as previously joined by the other parties to the litigation.

Whitson additionally contends that he is given a right to intervene herein pursuant to section 6814 of the Public Resources Code, which reads as follows: "The commission, in the name of the people of the State, may bring action to determine the title to oil and gas in land against persons, associations of persons, and corporations claiming the oil and gas adversely and to recover damages for oil and gas removed therefrom. Any person, association of persons, corporation, or

city not a party to such a suit and claiming the oil or gas *in the land,* or any part thereof, may intervene in such an action and have his rights adjudicated. The State hereby consents to be sued by any person, association of persons, corporation, or city for the purpose of quieting title to the right to oil or gas, or both, in any land, claimed by the State and by such person, association of persons, corporation, or city. Any other person, association of persons, corporation, or city not made a party to such an action but claiming any interest in the oil or gas may intervene in such suit. All such actions shall be brought and tried in the county where the land or some part thereof is situated.'' (Emphasis supplied.) However, Whitson does not claim the oil and gas ''in the land'' which is the subject matter of this litigation, or any part thereof. He does not seek to here adjudicate any claim of his own to oil and gas and therefore is not one who is entitled to intervene under the provisions of said section 6814.

 Any implied denial of permission to appear in the action as amicus curiae does not constitute an appealable order. (3 Cal.Jur.2d, § 7, p. 240; 3 C.J.S., pp. 1046-1047.)

The orders appealed from are affirmed.

Fox, P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied August 23, 1960, and appellant's petition for a hearing by the Supreme Court was denied September 20, 1960.