[Civ. No. 9980.   Third Dist.   Feb. 28, 1961.]

ALBERT G. WARREN et al., Respondents, v. ARAM
HAROOTUNIAN et al., Appellants.

Max H. Hoseit for Appellants.

Ralph E. Kingston for Respondents.

SCHOTTKY, J.—Aram Harootunian and Stella Harootunian have appealed from a judgment in favor of Albert G. Warren and Ann M. Warren which was entered after the Warrens' demurrer to the Harootunians' answer was sustained with leave to amend and they failed to amend.

The action was brought by the Warrens to determine the validity of certain building restrictions on property which

they owned. The complaint alleged that the Warrens were the owners of certain real property in Al Tahoe; that they had received the property by grant deed from Gerald A. Shutt and Virginia Shutt for the sum of $2,500; that the deed contained a provision that the property was subject to certain "covenants, conditions and restrictions now of record"; that the Shutts derived their title from the Harootunians; and that the deed contained the following restriction: "One private dwelling to contain no less than 650 square feet of floor space; no tents, trailers or camping allowed at any time; and plans for home and set backs to be approved in writing by. sellers." It was further alleged that the Warrens desired to construct a multiple family dwelling on the property; that they could not build without subjecting themselves to the hazard of violating the building restrictions and to the hazard of litigation. It was also alleged that the property was subdivided by the Harootunians; that they had sold virtually all the property; that building restrictions were inserted in some of the deeds to some of the property sold and not in others; that the result has been some property is subject to the restrictions and some not; that the Harootunians have failed to enforce the building restrictions; that in the immediate vicinity of the property owned by the Warrens buildings have been erected in violation of the restrictions; that the Warrens' lot is no longer suitable for a single family residence; and that by reason of the changed conditions and the failure of the Harootunians to enforce the restrictions they are not binding. The Warrens asked the court to declare the restrictions not binding, unenforceable in equity, and the erection of a multiple family dwelling would not be in violation of the restrictions.

Defendants, Aram Harootunian and Stella Harootunian, filed an answer denying the allegations of the complaint and also set up three affirmative defenses which alleged laches and estoppel. The Shutts were served with process but failed to appear.

Plaintiffs filed a general demurrer to the answer, the demurrer stating "[t]hat the answer does not state facts sufficient to constitute a defense or counterclaim." Plaintiffs' demurrer was sustained with leave to amend. No amendment was filed by defendants, their default was entered, and judgment was entered in favor of plaintiffs, granting them the relief prayed for in their complaint. This appeal followed.

The only question that we must determine upon this appeal

is whether the court erred in entering a default judgment against defendants Aram Harootunian and Stella Harootunian. We have concluded that the court did err and that the judgment must be reversed.

The answer denied all of the material allegations of the complaint, thus creating issues of fact as to the relief sought by plaintiffs. The three affirmative defenses alleged by defendants, Aram Harootunian and Stella Harootunian, were sufficient as against a general demurrer to set up the defenses of laches and estoppel. As hereinbefore stated, the demurrer to the answer was a general demurrer, and a general demurrer admits all facts well pleaded in the answer, including denials. (2 Witkin, California Procedure, p. 1598.)

But even if the general demurrer were good as to the special defenses (which we do not hold), it was error to enter judgment by default because the denials of the allegations in plaintiffs' complaint clearly created issues of fact. A similar situation existed in the case of *Herrmann* v. *Riesenberg*, 139 Cal.App. 249 [34 P.2d 163], in which the court said:

"Defendants appeal from a default judgment inadvertently entered prior to disposition of issues raised by their answer, which contained a first and second defense. A demurrer had been interposed to the second defense, and according to the minute order of the court the demurrer 'to the complaint' was sustained and ten days given to amend. No amendment being made in ten days, a default was entered, as well as judgment thereon, although the first defense still stood and in itself constituted an answer, raising issues that could be determined only by a trial. . . .

"Admitting, without deciding, that these *nunc pro tunc* orders may be considered as effectual for the purpose intended, 'to make such minute entries speak the truth,' we still are confronted with a judgment taken against defendants who have never had their day in court, at least as to matters of defense raised by the first portion of their answer. It is apparent then that the judgment must be reversed." (See also *Youdall* v. *Kaufman*, 55 Cal.App. 363, 366 [203 P. 448].)

No other points raised require discussion.

The judgment is reversed with directions to the trial court to overrule the demurrer to the answer.

Van Dyke, P. J., and Peek, J., concurred.