[Civ. No. 28375.   Second Dist., Div. Four.   Mar. 29, 1966.]

ROBERT W. HERRICK et al., Plaintiffs and Appellants, v. ROBERT M. EVERHART, as Executor, etc., et al., Defendants and Respondents.

Fadem & Graves and Ernest L. Graves for Plaintiffs and Appellants.

Hart & Mieras and Henry F. Walker for Defendants and Respondents.

FILES, P. J.—In this action to establish a trust based upon an alleged oral agreement between spouses now deceased, the trial court sustained demurrers to three successive complaints, the third without leave to amend. Following this latter order, which was made on December 10, 1963, the trial judge signed and the clerk entered on December 20 a document captioned "Judgment" but which is in form merely another order sustaining the demurrer without leave to amend. The document does not purport to dismiss the action or award costs.

On January 2, 1964, plaintiffs filed a notice of motion for leave to file a third amended complaint. This motion was treated by the court as an application for reconsideration of the December 10, 1963, ruling, and was denied on January 14, 1964.

On January 28 plaintiffs filed a notice of appeal from the order of December 10 and the denial of their motion for leave to amend on January 14.

On March 30, 1964, the court signed and filed a judgment in favor of defendants, declaring that plaintiffs take nothing.

On April 2, 1964, plaintiffs filed a notice of appeal from the judgment of March 30.

The orders sustaining the demurrer and denying leave to amend were not appealable. The attempted appeal therefrom by the notice filed January 28 must be dismissed. (*Beazell* v. *Schrader,* 205 Cal.App.2d 673 [23 Cal.Rptr. 189].)

The judgment of March 30 was effective to dispose of the action in the trial court, and thus the notice of appeal filed April 2 establishes jurisdiction here to review the merits of the antecedent orders. (*Beazell* v. *Schrader,* 59 Cal.2d 577 [30 Cal.Rptr. 534, 381 P.2d 390].)

The essential facts alleged in the second amended complaint will be summarized. Plaintiffs are the heirs of Winfred P. Shepherd. Defendants are the heirs, executor and beneficiaries under the will of Clara W. Shepherd. On June 14, 1941, Winfred, who was then 62 years of age, and Clara, then 50, were married. Prior to this union Winfred had acquired valuable property, real and personal. "[A]s part of the marriage agreement" Clara and Winfred agreed that all of his separate property and all community property which might be acquired should be held in the form of joint tenancy; that if Clara survived Winfred she would be provided for by means of a life interest in the property, and she would hold the remainder in trust for the heirs of Winfred, so that upon her death, all of the remainder would become the property of Winfred's heirs.

During Winfred's lifetime he fully performed his part of the agreement and placed all of his separate and community property in the form of joint tenancies with Clara. Upon his death on April 7, 1951, Clara acquired in her name sole title to all of this property as surviving joint tenant. Throughout the remainder of Clara's lifetime plaintiffs had no reason to suspect that she did not intend to perform the duties of the trust. Clara died on October 30, 1961. Her will was admitted to probate and letters testamentary were issued to the defendant executor on December 20, 1961, who now has possession of the subject property.

This action was filed June 20, 1962. The prayer of the complaint is that the court determine the nature, extent and value of the property left by Winfred, declare that the defendant executor holds such property in trust for plaintiffs, and enforce the trust.

The demurrer to the second amended complaint stated three grounds: (1) Failure to state a cause of action; (2) The bar

of the statute of limitations as set forth in Code of Civil Procedure section 338, subdivision 4; (3) Uncertainty as to the date of the alleged contract and the consideration. The minute entry made by the court on December 10, 1963, is as follows: ''Demurrer sustained upon all grounds specified, without leave to amend. In three complaints the allegations are not improved, and laches affirmatively appears, with no explanation or rebuttal. See points and authorities on file.''

In substance, the complaint alleges that Winfred conveyed property to Clara in consideration of her promise to hold it in trust for plaintiffs, and that this property now is in the possession of her executor. Defendants have advanced no valid reason why such an express trust (Civ. Code, § 2222) may not be enforced. Defendants' theory of laches, which the trial court apparently accepted, is based upon the erroneous assumption that Clara breached her duty to plaintiffs and repudiated the trust when she took the property in her own name following Winfred's death in 1951. But this was not inconsistent with Clara's duties under the alleged trust. She had the power of management and the use of the property so long as she lived. The breach occurred when she died, October 30, 1961, without having made arrangements for the transfer of the remainder to the plaintiffs. (Cf. *Ludwicki* v. *Guerin,* 57 Cal.2d 127, 130 [17 Cal.Rptr. 823, 367 P.2d 415].) Plaintiffs allege that prior to Clara's death they were unaware that she had done or intended anything inconsistent with her trusteeship or intended to defeat the devolution of the property to plaintiffs. This action was commenced within eight months after Clara's death, and there is nothing in the complaint to suggest that plaintiffs could be charged with laches over that period of time.

Defendants point to an allegation in the original complaint, omitted in the amended version, that during Winfred's lifetime he had supported his brother Frank, that Winfred had ''indicated and evinced an intention'' that after his death Frank should be supported out of Winfred's estate, but that Clara had failed to support Frank. The theory of defendants now seems to be that this portion of the original complaint should be deemed an admission on the part of plaintiffs that the trust was repudiated prior to Frank's death in 1953. We cannot so read it. There is no allegation that Winfred's intention to provide future support for Frank was known to Clara or made one of the terms of the trust. Moreover, even if it be assumed that Frank was an income-beneficiary of the

trust, it does not necessarily follow that the trustee's neglect towards him constituted a repudiation of the remaindermen's interest, requiring them to commence legal proceedings at that time to protect their rights.

Defendants also argue that, in order to prevail, plaintiffs must trace the trust res; and defendants then ask this court to construe certain allegations of the earlier pleadings as a confession that the trust property was commingled to the extent that identification is now impossible. We cannot find language which would compel that conclusion. The complaint alleges that plaintiffs do not know the exact nature and extent of the property which Winfred conveyed to Clara in trust, but that this information is readily ascertainable by defendants who have possession of the records of both Winfred and Clara. Plaintiffs allege that the defendant executor now possesses what remains of this property. Tracing the trust res thus becomes a matter of proving the facts alleged.

Plaintiffs' proof may or may not be impeded by the statutes requiring certain transactions to be in writing, but from the face of the pleading it cannot be determined that plaintiffs' claim is wholly barred.

The uncertainty of the pleading as to the date of the alleged trust agreement is not relied upon here as a ground upon which the trial court's ruling could be sustained. The exact date is not critical in determining whether plaintiffs have a cause of action. Through discovery procedures defendants will have an opportunity to find out before trial whatever plaintiffs know about this. (Code Civ. Proc., §§ 2016-2036.)

The judgment is reversed and the superior court is directed to overrule the demurrer.

Jefferson, J., and Kingsley, J., concurred.