[Civ. No. 42063. First Dist., Div. One. Dec. 1, 1978.]

TIMBERIDGE ENTERPRISES, INC., et al.,
Plaintiffs and Respondents, v.
CITY OF SANTA ROSA et al., Defendants and Respondents;
SONOMA COUNTY LOCAL AGENCY FORMATION
COMMISSION et al., Interveners and Appellants.

**COUNSEL**

James P. Botz, County Counsel, and Prentice Fish, Deputy County Counsel, for Interveners and Appellants.

Foster, Waner, Monroe, Thurrell, Johnston, Flitner & Allen, Harry A. Allen and John D. Flitner for Plaintiffs and Respondents.

Derek J. Simmons, City Attorney, for Defendants and Respondents.

## OPINION

**ELKINGTON, J.**—Sonoma County Local Agency Formation Commission (LAFCO) and Piner-Olivet Union School District (District) appeal from orders of the superior court which (1) sustained, without leave to amend, the several plaintiffs' general demurrers to their complaints in intervention, and (2) granted plaintiffs' motions to strike the same complaints in intervention.

The legislative body of defendant City of Santa Rosa (City) had passed a resolution adopting a "school impact fee policy" (hereafter sometimes Resolution) designed to alleviate temporary overcrowding of the City's schools suddenly brought about by new subdivisions. Under the Resolution, school districts within the City might request application of the policy, but the decision to apply it depended upon "City Council action only." The City was permitted by the Resolution, upon its decision approving a subdivision map, to impose as a condition of that decision the payment of a school impact fee when a building permit was thereafter sought for each of the subdivision's lots. The fee was based upon a certain formula; those here at issue ranged from $174.75 to $300. The funds so collected were to be used for temporary classrooms only. They were to be collected by the City and thereafter disbursed to the school districts upon a showing of need therefor. If such a need did not develop the fees would be returned to the owners of record of the subject lots.

The "determination of impact," the fixing of the amount of the "lot fee," and the decision fixing the school impact fees "as a condition of [approval of the subdivision's] tentative and final maps," were confided to the City's planning department by the Resolution. We shall hereafter, as do the parties, treat such "decisions" and imposition of "conditions" of school impact fees as acts of the City.

Plaintiffs in one way or another appear to have been concerned with the business of land development and subdivision within the City and District. As conditions of the City's decisions approving certain of their subdivision's maps they had been required to pay school impact fees. They commenced an action against the City to have the Resolution and the conditions declared constitutionally, and otherwise, invalid. And by the action they also, because of such claimed invalidity, sought recovery of such school impact fees as had previously been paid by them.

Upon notice to the respective parties, LAFCO and the District were permitted to file in plaintiffs' action their complaints in intervention by which they sought, among other things, dismissal of the action. Thereafter and as we have earlier noted, plaintiffs successfully demurred to and moved to strike the subject complaints in intervention.

I.

We address ourselves first to a preliminary issue concerning the appealability of the superior court's orders.

■ An order sustaining a demurrer, whether with or without leave to amend, is not appealable. (*Romero* v. *County of Santa Clara,* 3 Cal.App.3d 700, 704 [83 Cal.Rptr. 758]; *Carley* v. *City of Santa Rosa,* 154 Cal.App.2d 214, 215 [315 P.2d 905]; *Hadsall* v. *Case,* 15 Cal.App. 541, 542 [115 P. 330]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 64, p. 4078.) But such a ruling will be reviewed on appeal from a subsequent judgment or order of dismissal. (*Valvo* v. *University of Southern California,* 67 Cal.App.3d 887, 891 [136 Cal.Rptr. 865]; *Parenti* v. *Lifeline Blood Bank,* 49 Cal.App.3d 331, 334 [122 Cal.Rptr. 709]; *Dollar-A-Day Rent-A-Car Systems, Inc.* v. *Pacific Tel. & Tel. Co.,* 26 Cal.App.3d 454, 455-456 [102 Cal.Rptr. 651].)

■ An order striking a pleading is ordinarily not appealable. (*City of Cypress* v. *New Amsterdam Cas. Co.,* 259 Cal.App.2d 219, 223 [66 Cal.Rptr. 357]; *Oeth* v. *Mason,* 247 Cal.App.2d 805, 808 [56 Cal.Rptr. 69]; *Herrick* v. *Everhart,* 241 Cal.App.2d 195, 197 [50 Cal.Rptr. 454].) But where the order operates to remove from the case the pleader's only cause of action, or defense, or leaves no further issue to be determined between him and his adversary, such an order is appealable. (*Adohr Milk Farms, Inc.* v. *Love,* 255 Cal.App.2d 366, 370 [63 Cal.Rptr. 123]; *American Can Co.* v. *City & County of San Francisco,* 202 Cal.App.2d 520, 522 [21 Cal.Rptr. 33]; *County of Humboldt* v. *Kay,* 57 Cal.App.2d 115, 119 [134 P.2d 501].) This exception is expressly applicable to orders, as here, striking complaints in intervention. (*In re Veterans' Industries, Inc.,* 8 Cal.App.3d 902, 916 [88 Cal.Rptr. 303]; *People* v. *City of Long Beach,* 183 Cal.App.2d 271, 273 [6 Cal.Rptr. 658].)

The record indicates, and the parties appear to agree, that the superior court's orders striking the complaints in intervention were based upon its disputed rulings on plaintiffs' demurrers.

We necessarily treat the superior court's orders striking the complaints in intervention as a final determination by that court of the interveners' rights and, thus, the equivalent of judgments of dismissal. And we treat interveners' appeals from those orders as appeals from judgments of dismissal. Error, if any, in the court's rulings on the demurrers to the complaints in intervention will be reviewed by us on those appeals.

## II.

Another threshold issue upon which the parties are in disagreement is the nature of LAFCO's and the District's complaints in intervention. It undoubtedly arises from the common but sometimes misleading description of all such pleadings as "*complaints*" in intervention.

As noted, plaintiffs sought by their complaint the judicial invalidation of the Resolution and the return of such school impact fees as had been paid by them. By its answer the City sought to establish the validity of the Resolution and its right to retain the fees. LAFCO's and the District's complaints in intervention, by their factual allegations and *express recitals,* " 'unite[d] with defendant' [City] in resisting the claims of plaintiff[s]." Each thereby became "entitled to avail itself of all the procedure and remedies to which the defendant would be entitled for the purpose of defeating the action or resisting the claims of the plaintiffs, . . ." (*Drinkhouse* v. *Van Ness,* 202 Cal. 359, 371 [260 P. 869]; *People* v. *Perris Irrigation District,* 132 Cal. 289, 290-291 [64 P. 399, 773]; and see *Boskowitz* v. *Thompson,* 144 Cal. 724, 728-729 [78 P. 290]; *Corridan* v. *Rose,* 137 Cal.App.2d 524, 528 [290 P.2d 939].)

■ An intervening party is accordingly "to be regarded as a plaintiff or as a defendant in the action . . . [depending upon] the party for whose success he seeks to intervene, . . ." (*Boskowitz* v. *Thompson, supra,* 144 Cal. at p. 729.)

It follows that LAFCO and the District were to be regarded as defendants in plaintiffs' action and their complaints in intervention as answers to plaintiffs' complaint. Plaintiffs' demurrers to those pleadings had the legal effect of demurrers to answers.

■ Demurring to an answer is a commonly recognized practice. (See Code Civ. Proc., §§ 430.30, 430.50; *South Shore Land Co.* v. *Petersen,* 226 Cal.App.2d 725, 732 [38 Cal.Rptr. 392]; *Warren* v. *Harootunian,* 189 Cal.App.2d 546, 548 [11 Cal.Rptr. 305]; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, §§ 1024-1029, pp. 2606-2609.) Unlike the usual general

demurrer to a complaint the inquiry is not into the statement of a *cause of action*. Instead it is whether the answer raises a *defense* to the plaintiff's stated cause of action. (*MacIsaac v. Pozzo,* 26 Cal.2d 809, 812-813 [161 P.2d 449]; *Neumann v. Moretti,* 146 Cal. 25, 28-29 [79 P. 510]; *South Shore Land Co. v. Petersen, supra,* pp. 732-734; *Central H. Imp. Co. v. Memorial Parks,* 40 Cal.App.2d 591, 596 [105 P.2d 596]; *California Mutual Co. v. Voigt,* 5 Cal.App.2d 204, 207 [42 P.2d 353].) "A general demurrer raises the objection that 'the answer does not state facts sufficient to constitute a defense . . . .' " (3 Witkin, *op. cit.,* Pleading, § 1025, p. 2607.)

█ And, of course, objection to the lack of a party's standing to appear in an action may always be made by a general demurrer. (*Parker v. Bowron,* 40 Cal.2d 344, 351 [254 P.2d 6]; *Klopstock v. Superior Court,* 17 Cal.2d 13, 19 [108 P.2d 906, 135 A.L.R. 318]; *Oakland Municipal Improvement League v. City of Oakland,* 23 Cal.App.3d 165, 170 [100 Cal.Rptr. 29]; *Hart v. County of Los Angeles,* 260 Cal.App.2d 512, 516 [67 Cal.Rptr. 242]; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 814, p. 2424.) The same rule is reasonably, and authoritatively, apposite to an intervener's lack of standing. (*Moran v. Bonynge,* 157 Cal. 295, 298 [107 P. 312]; *Berman v. Aetna Cas. & Surety Co.,* 40 Cal.App.3d 908, 912 [115 Cal.Rptr. 566]; *Hausmann v. Farmers Ins. Exchange,* 213 Cal.App.2d 611, 615 [29 Cal.Rptr. 75].)

From the foregoing it will be seen that on plaintiffs' demurrers to the complaints in intervention two issues of law were before the superior court. The first was whether LAFCO and the District, or either of them, had "*standing*" to intervene. The second was whether the complaints in intervention, treated as answers to plaintiffs' complaint, stated a *defense* thereto. We proceed to our consideration of those matters.

We note, parenthetically, that in its orders sustaining plaintiffs' demurrers, the superior court did not state "the specific ground or grounds upon which the decision or order" was based, as is required by Code of Civil Procedure section 472d. It will therefore reasonably be presumed that the court ruled against LAFCO and the District on each of the two material issues raised by the demurrers.

### III.

Responding to the issue of the "standing" of interveners LAFCO and the District, plaintiffs describe it as the "central issue" decided by the superior court. The court's implied ruling, as indicated, was that the interveners lacked the necessary standing.

In California the source of a party's right to intervene in an action is statutory. It is to be found in Code of Civil Procedure section 387 which, as relevant, states: ". . . any person, who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding."

And it has consistently been judicially held: " 'To avail himself of the right given by this section . . . [the proposed intervener] must have either an interest in the matter in litigation, or in the success of one of the parties to the action, or an interest against both of them. The interest here referred to must be direct and not consequential, and it must be an interest which is proper to be determined in the action in which the intervention is sought. . . . The interest mentioned in the code which entitles a person to intervene in a suit between other persons must be in the matter in litigation and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment.' " (*Jersey Maid Milk Products Co.* v. *Brock,* 13 Cal.2d 661, 663 [91 P.2d 599]; and see *Allen* v. *California Water & Tel. Co.,* 31 Cal.2d 104, 109 [187 P.2d 393]; *Bechtel* v. *Axelrod,* 20 Cal.2d 390, 392 [125 P.2d 836]; *Elliott* v. *Superior Court,* 168 Cal. 727, 734 [145 P. 101]; *Isaacs* v. *Jones,* 121 Cal. 257, 261 [53 P. 793, 1101]; *Fireman's Fund Ins. Co.* v. *Gerlach,* 56 Cal.App.3d 299, 302 [128 Cal.Rptr. 396].)

It will be seen that the defendant City had only a limited interest in the "school impact fee policy" and in the fees collected in accordance with it. It was only the collector and temporary custodian of the funds, without beneficial interest in them. On the other hand the City's school districts were the only, and ultimate, pecuniary beneficiaries of the policy. Indeed, in the instant superior court proceedings the District's superintendent's uncontroverted declaration, under penalty of perjury, asserted that a portion of the fees so collected by the City was "urgently and immediately needed to avoid a state penalty to the district and to insure that our children are provided adequate facilities for their educational needs."

In order that a party be permitted to intervene it is not necessary that his interest in the action be such that he will *inevitably* be affected by the judgment. It is enough that there be a substantial *probability* that his interests will be so affected. "The purposes of intervention are to protect the interests of those who *may* be affected by the judgment . . . ." (Italics added.) (*County of San Bernardino* v. *Harsh California Corp.,* 52 Cal.2d 341, 346 [340 P.2d 617]; *Baroldi* v. *Denni,* 197 Cal.App.2d 472, 478 [17

Cal.Rptr. 647]; *People* v. *City of Long Beach, supra,* 183 Cal.App.2d 271, 275.) And "[w]hile the interest [supporting intervention] is normally pecuniary, that is not an indispensable element." (*People* ex rel. *Public Util. Com.* v. *Ryerson,* 241 Cal.App.2d 115, 119 [50 Cal.Rptr. 246].) ■ A public agency, such as the District, may intervene in an action in order to uphold the validity of a statute affecting it in a substantial way. (*County of San Bernardino* v. *Harsh California Corp., supra,* p. 345.) An "interest in an adjudication respecting the validity of [a] statute and its proper interpretation was sufficient for intervention." (*People* ex rel. *Public Util. Com., supra,* p. 119.) And it is said that where one has "no possible chance of gaining by his intervention," that intervention must be denied. (*In re Yokohama Specie Bank,* 86 Cal.App.2d 545, 554 [133 P.2d 487].)

We are unpersuaded by plaintiffs' argument that since the City would be permitted under its policy to reject the District's application for needed impounded funds, the latter's "interest" was not "direct," and it would not necessarily "either gain or lose" depending on the action's outcome. The District had a statutory duty to provide a proper education for its schools' students. All public agencies have an "interest" which is "direct," in meeting their official responsibilities even though necessary funding may depend upon the will of some other public body such as the Legislature, or as here the City. We note further that the issues of plaintiffs' action were not enlarged, as contended by them, by the District's intervention. The issues drawn by the complaint, and the City's answer thereto, remained the same. Nor was the District's right to intervene reasonably " 'outweighed by the rights of the original parties to conduct their lawsuit on their own terms.' " (See *Fireman's Fund Ins. Co.* v. *Gerlach, supra,* 56 Cal.App.3d 299, 303 [128 Cal.Rptr. 396].)

The District accordingly had "standing" to intervene. The superior court's contrary determination was erroneous.

We reach a different conclusion, however, in respect of the superior court's order striking LAFCO's complaint in intervention.

LAFCO was a local agency formation commission organized and functioning under authority of the Knox-Nisbet Act (hereinafter sometimes the Act), which is codified as Government Code sections 54773-54799.5.

The Act provides that there shall be a local agency formation commission in each county of the state. (§ 54780.) Among other things, the commission has the power, subject of course to judicial review, to finally approve or disapprove applications for the annexation of territory to local agencies within the county. (§ 54790, subd. (a)(3).) Among the Act's declared purposes are "the discouragement of urban sprawl," the "orderly formation and development of local governmental agencies," and the encouragement and planning of "well-ordered, efficient urban development patterns . . . ." (§§ 54774, 54774.5.) The commission is charged with the duty of making up-to-date determinations of the "spheres of influence" of the county's local governmental entities. (§ 54774.) And the "spheres of influence, after adoption, shall be used by the commission as a factor in making regular decisions on proposals over which it has jurisdiction." (§ 54774.) In addition to its continuing review, and updating, of spheres of influence, "the local agency formation commission shall initiate and make studies of existing governmental agencies," which studies "shall include but shall not be limited to inventorying such agencies and determining their maximum service area and service capacities." (§ 54774.) Among such services are fire and police protection, water supply, sewage disposal and schools. And the "commission shall make its studies available to public agencies and any interested person." (§ 54774.)

By its complaint in intervention LAFCO, as had the District, sought to judicially establish the constitutional and statutory validity of the Resolution and of the conditions attached by the City to its decisions approving plaintiffs' subdivision maps. It also sought to uphold the City's right to retain and disburse the school impact fees theretofore collected. The question now before us is whether the Act conferred upon LAFCO the authority to litigate such issues.

In respect of LAFCO's right to intervene it also was bound by the rules of *Jersey Maid Milk Products Co.* v. *Brock, supra,* 13 Cal.2d 661. Those rules require, as earlier noted, that in order to sustain LAFCO's intervention in plaintiffs' action its "interest" therein must be " 'of such a direct and immediate character that [it] will either gain or lose by the direct legal operation and effect of the judgment.' " And, of course, being a creature of the Legislature exercising legislative functions (see *City of Santa Cruz* v. *Local Agency Formation Com.,* 76 Cal.App.3d 381 [142 Cal.Rptr. 873]), it has only such powers as are bestowed upon it by the Act.

The "powers and duties" of a local agency formation commission are spelled out by the Act in Government Code section 54790, which need not be quoted here. It is sufficient to say that neither expressly, nor by implication, is such a commission there authorized to engage in litigation such as that at hand.

The powers of such a local agency formation commission have also received judicial elaboration.

It was said in *City of Ceres* v. *City of Modesto*, 274 Cal.App.2d 545 [79 Cal.Rptr. 168] (italics added):

*"A local agency formation commission, commonly referred to as LAFCO, is a creature of the Legislature and has only those express (or necessarily implied) powers which are specifically granted to it by statute. In short, LAFCO is a public entity created by legislative fiat, and like similarly constituted public entities is a body of special and limited jurisdiction . . . ."* (P. 550.)

"It is eminently clear, from a careful reading of section 54774, that LAFCO was created by the Legislature for a special purpose, i.e., to discourage urban sprawl and to encourage the orderly formation and development of local governmental agencies. In short, LAFCO is the 'watchdog' the Legislature established to guard against the wasteful duplication of services that results from indiscriminate formation of new local agencies or haphazard annexation of territory to existing local agencies. However, *it is also eminently clear* from the plain language of the first sentence of subdivision (a) of section 54790, when read in conjunction with sections 54791 and 54792, *that the extent of LAFCO's power is to approve or disapprove 'wholly, partially or conditionally'* ACTUAL *and* PRECISE *proposals which are presented to it from time to time for its consideration."* (P. 553.)

This holding and rationale have been followed in *Tillie Lewis Foods, Inc.* v. *City of Pittsburg*, 52 Cal.App.3d 983, 1003-1005 [124 Cal.Rptr. 698], *Simi Valley Recreation & Park Dist.* v. *Local Agency Formation Com.*, 51 Cal.App.3d 648, 687-688 [124 Cal.Rptr. 635], and *Bookout* v. *Local Agency Formation Com.*, 49 Cal.App.3d 383, 387-388 [122 Cal.Rptr. 668].

Under the Act and the judicial authority we have noted, it becomes patent that intervention by LAFCO in plaintiffs' action was without statutory authorization, and otherwise beyond its powers.

It follows that no error attended the superior court's order sustaining plaintiffs' demurrer to LAFCO's complaint in intervention.

## IV.

■ We advert now to the narrowed second issue, i.e., whether the District's complaint in intervention stated a *defense* to plaintiffs' action.

As earlier pointed out, by its complaint in intervention the District, among other things, "unite[d] with defendant [City] in resisting the claims of plaintiff[s]," and prayed that the "complaint be dismissed." It thereby effectively became a party to the City's answer and entitled to the benefit of all of the defenses there raised.

Among the defenses raised by the City's answer, and thus by the District's complaint in intervention, was the bar of the statute of limitations of Government Code section 66499.37 found in the Subdivision Map Act under which plaintiffs' subdivision maps were approved.

Government Code section 66499.37 provides: "Any action or proceeding to attack, review, set aside, void or annul *the decision of an advisory agency, appeal board or legislative body concerning a subdivision,* or of any of the proceedings, acts or determinations taken, done or made prior to such decision, *or to determine the reasonableness, legality or validity of any condition attached thereto,* shall not be maintained by any person unless such action or proceeding is commenced and service of summons effected within 180 days after the date of such decision. Thereafter all persons are barred from any such action or proceeding or any defense of invalidity or unreasonableness of such decision or of such proceedings, act or determinations. Any such proceeding shall take precedence over all matters of the calendar of the court except criminal, probate, eminent domain and forcible entry and unlawful detainer proceedings." (Italics added.)

■ A question of law on plaintiffs' demurrer was whether section 66499.37's 180-day period commenced running at the time the City approved plaintiffs' subdivision maps with the school impact fee conditions, *or* at the time of the later payment of those fees.

The superior court apparently concluded that the statute did not commence running until payment of the school impact fees. If that were so, under the pleaded, and conceded, facts plaintiffs' action was not barred, the District's pleading of the statute raised no defense, and plaintiffs' demurrer was properly sustained, at least as to that issue.

But we are of the opinion that section 66499.37 must be interpreted differently. Its clear language manifests a legislative purpose that a *decision* such as that of the City, approving a subdivision map and attaching a *condition* thereto, shall be judicially attacked within 180 days of that decision, or not at all. If the condition, as here, shall be that school impact fees be thereafter paid upon applications for permits to build upon the subdivision's lots, the statute's plain requirement is that an attack on the validity of the City's decision, and its attending condition, be made within the designated period. Upon failure of interested parties to do so, the validity of the condition is normally placed beyond legal attack. And here, it will be remembered, plaintiffs' claim of right to recover school impact fees paid is founded solely on the premise of the related condition's invalidity.

■ "It is axiomatic that in the interpretation of a statute where the language is clear, its plain meaning should be followed." (*Great Lakes Properties, Inc.* v. *City of El Segundo,* 19 Cal.3d 152, 155 [137 Cal.Rptr. 154, 561 P.2d 244].)

Furthermore, we discern a patent legislative objective that the validity of such decisions of a local legislative body, or its advisory agency, be judicially determined as expeditiously as is consistent with the requirements of due process of law. Section 66499.37's last sentence mandating that such judicial proceedings, with certain exceptions, "shall take precedence over all matters of the calendar of the court," is susceptible of no other interpretation.

We have noted that plaintiffs' attack on the validity of the Resolution, and the City's related decision and condition, includes the claimed impairment of constitutional rights. But even a constitutional right is subject to reasonable statutory periods of limitation within which to commence an action for its vindication. (*Rand* v. *Bossen,* 27 Cal.2d 61, 65 [162 P.2d 457]; *Coombes* v. *Getz,* 217 Cal. 320, 330-331 [18 P.2d 939]; *Ocean Shore R.R. Co.* v. *City of Santa Cruz,* 198 Cal.App.2d 267, 273 [17 Cal.Rptr. 892].) ■ And: "The power of the Legislature to provide

reasonable periods of limitation is unquestioned and the fixing of time limits within which particular rights must be asserted is a matter of legislative policy. . . . The only restriction as to the legislative power with respect to a statute of limitations is that it must not be so manifestly inequitable as to amount to a denial of justice, and unless such is the case its determination is final." (*Ocean Shore R.R. Co.* v. *City of Santa Cruz, supra,* p. 273.) Under this criteria the 180-day period of limitations of Government Code section 66499.37 is manifestly reasonable.

We are aware of a remaining issue of the case before us. We are advised that the City had made *tentative* decisions (with attending school impact fee conditions) approving plaintiffs' subdivision maps, and had thereafter made *final* decisions (with the same conditions) approving the same subdivision maps. The question raised is whether the tentative, or the final, decisions are those contemplated by section 66499.37. If the final, and not the tentative, decision be the applicable one the right of one plaintiff to entertain the action may not be barred under our holding. But we find no adequate record of, or record reference to, the text, or nature, or circumstances, of the respective decisions, enabling us to properly determine the matter. On remand, the superior court upon an appropriate hearing and consideration of apposite authority will determine the question.

■ On the instant issue we have decided only that the District's complaint in intervention, treated as an answer to the complaint, states a defense to plaintiffs' action, and was therefore not subject to demurrer.

## V.

From all of the foregoing we conclude that the portion of the superior court's orders striking the District's complaint in intervention must be reversed, while the portion striking LAFCO's complaint in intervention must be affirmed.

The conclusions we have reached effectively dispose of several other incidental and related contentions of the parties.

The order striking the complaint in intervention of Sonoma County Local Agency Formation Commission is affirmed.

The order striking the complaint in intervention of Piner-Olivet Union School District is reversed.

The appeals from nonappealable orders sustaining demurrers are dismissed.

The superior court will take such further proceedings as are not inconsistent with the views expressed in our opinion.

The parties will stand their respective costs of the appeals.

Racanelli, P. J., and Newsom, J., concurred.