[Civ. No. 1898. Fifth Dist. June 25, 1975.]

EDWIN N. BOOKOUT, Plaintiff and Respondent, v.
LOCAL AGENCY FORMATION COMMISSION OF
TULARE COUNTY et al., Defendants and Appellants.

384

**COUNSEL**

Calvin E. Baldwin, County Counsel, Thomas D. Bowman, Assistant County Counsel, and Richard B. Isham, City Attorney, for Defendants and Appellants.

Bradley, Conn & Hicks and Lloyd L. Hicks for Plaintiff and Respondent.

**OPINION**

**BROWN (G. A.), P. J.**—The Local Agency Formation Commission of Tulare County (hereinafter "LAFCO") and the City of Visalia (hereinafter "City") appeal from a judgment granting a writ of mandate which enjoined the City to desist from further proceedings to annex certain uninhabited territory to the City and commanded LAFCO to annul a resolution approving the annexation until ". . . [Edwin N. Bookout] and all affected landowners, at a minimum, [are notified] by registered or certified mail, or if said letter should be returned, by posting the affected property, of any further proceedings affecting his said property which may be brought before [LAFCO]."

Edwin N. Bookout (hereinafter "respondent") is one of several assessed owners within the 166.3 acres sought to be annexed to the City pursuant to the "Annexation of Uninhabited Territory Act of 1939" (Gov. Code, §§ 35300-35326).[1]

---

[1]The Annexation of Uninhabited Territory Act of 1939 permits annexation to the city without holding an election if less than 12 registered voters reside in the area to be annexed.

For convenience, all section references hereinafter will be to the Government Code unless otherwise indicated.

Since section 35002 requires approval of LAFCO before the proceedings to annex territory can be initiated by a city, the City, pursuant to section 54791, filed with LAFCO the necessary application. In due course LAFCO, pursuant to sections 54793[2] and 6061, published notice of the date, time and place of the hearing before LAFCO in a properly authorized newspaper. The notice contained a metes and bounds description of the exterior boundaries of the 166.3 acres. After the hearing LAFCO, by resolution, approved the City's application, and the City thereafter on its own motion pursuant to section 35310 initiated proceedings to annex the territory in question without an election.

It is undisputed that respondent did not see the published notice or know of the LAFCO hearing and did not appear thereat. It follows that the pivotal issues to be resolved are whether a published notice of the LAFCO hearing[3] containing only a metes and bounds description of the exterior boundaries of the area to be annexed satisfies the requirements of due process and, secondly, whether such a notice satisfies the requirements of the language of section 54793 (see fn. 2, *ante*) independent of constitutional considerations.

A restatement of the nature of municipal boundary change proceedings is dispositive of the first issue. ■ It is settled by a long, unbroken line of case authority that the matter of forming and adding new territory to municipal corporations, like cities and towns, and the extent and character of the territory to be included, are legislative matters which the Legislature has delegated to local municipalities to be performed *in accordance* with the appropriate legislative acts (*In re Orosi Public Utility Dist.* (1925) 196 Cal. 43, 59-61 [235 P. 1004]; *People v. Town of Ontario* (1906) 148 Cal. 625, 630-631 [84 P. 205]; *Del Paso*

---

[2]Government Code section 54793 at the time relevant herein provided: "When an application is filed with the executive officer pursuant to this part, he shall set a date, time, and place for a hearing by the commission on said application. The date of the hearing shall not be more than 70 days following the date of such filing. At least 15 days prior to any hearing, the executive officer shall give mailed notice of the hearing to each affected county, city, or district, to any interested party or local agency who has filed a written request for such notice with the executive officer, and to any officers or persons designated in the application for the purpose of receiving mailed notice. In addition, at least 15 days prior to the hearing upon a proposal for the annexation of territory to a city, the incorporation of a new city or for the formation of a district, notice of hearing shall be published by the executive officer, in accordance with Section 6061, in a newspaper of general circulation which is circulated within the affected territory."

[3]It is to be noted that the Annexation of Uninhabited Territory Act of 1939 requires, in addition to publication of notice, written notice of the hearing before the city council on the proposed annexation to be mailed to each person to whom land within the territory to be annexed is assessed by the county. (§ 35311.)

*Recreation & Park Dist.* v. *Board of Supervisors* (1973) 33 Cal.App.3d 483, 498-500 [109 Cal.Rptr. 169] (app. dism. 415 U.S. 903 [39 L.Ed.2d 461, 94 S.Ct. 1396]); *Calnev Pipe Line Co.* v. *City of Colton* (1964) 230 Cal.App.2d 184, 189 [40 Cal.Rptr. 755]; *Yribarne* v. *County of San Bernardino* (1963) 218 Cal.App.2d 369, 375, 379 [32 Cal.Rptr. 847](app. dism. 376 U.S. 783 [12 L.Ed.2d 83, 84 S.Ct. 1134]); *Firestone Tire & Rubber Co.* v. *Board of Supervisors* (1958) 166 Cal.App.2d 519, 528-530 [333 P.2d 378] (rehg. den. 361 U.S. 941 [4 L.Ed.2d 360, 80 S.Ct. 364]); because the nature of the power exercised is legislative and political rather than judicial (*People* v. *City of Palm Springs* (1958) 51 Cal.2d 38, 45 [331 P.2d 4]; *Wilson* v. *Hidden Valley Mun. Water Dist.* (1967) 256 Cal.App.2d 271, 278-281 [63 Cal.Rptr. 889]) and because the annexation does not deprive the owners of the annexed area of property or property rights in the constitutional sense, the Legislature could have totally omitted provisions for any notice or hearing and empowered a municipality to initiate and complete annexation without notice. (*People* v. *City of Palm Springs, supra,* 51 Cal.2d at pp. 47-48; *In re Orosi Public Utility Dist., supra,* 196 Cal. at pp. 60-61; *People* v. *Town of Ontario, supra,* 148 Cal. at p. 632; *Calnev Pipe Line Co.* v. *City of Colton, supra,* 230 Cal.App.2d at pp. 189-190; *Yribarne* v. *County of San Bernardino, supra,* 218 Cal.App.2d at p. 375; *Firestone Tire & Rubber Co.* v. *Board of Supervisors, supra,* 166 Cal.App.2d at p. 530; see *Rivera* v. *Division of Industrial Welfare* (1968) 265 Cal.App.2d 576, 587 [71 Cal.Rptr. 739]; 58 Ops. Cal. Atty. Gen. 226, 228-230 (1975); 40 Ops. Cal. Atty. Gen. 78, 79 (1962).) Thus there are no constitutional demands of due process restricting the mode, nature and type of notice that must be given, and the procedural requirements for conduct of the LAFCO and City of Visalia proceedings stem solely from statute. It follows that the various cases cited by respondent dealing with constitutional demands of due process are inapposite.

Respondent argues that LAFCO in fact does exercise a quasi-judicial power in discharging its statutory responsibilities. (See §§ 54790 (general powers and duties), 54796 (factors to be considered).) The contention is without merit. This argument was inferentially answered in *City of Ceres* v. *City of Modesto* (1969) 274 Cal.App.2d 545 [79 Cal.Rptr. 168], where this court said at page 550: "A local agency formation commission, commonly referred to as LAFCO, is a creature of the Legislature and has only those express (or necessarily implied) powers which are specifically granted to it by statute. In short, LAFCO is a public entity created by legislative fiat, and like similarly constituted public entities is a body of special and limited jurisdiction [citation]. Thus, we must look to chapter

6.6 of division 2 of title 5 of the Government Code (the enabling act under which LAFCO was formed) for the answer to our questions. The pertinent sections of this chapter and division are sections 54774, 54775, 54790, 54791, 54792, 54796 and 54799" and at page 553: "It is eminently clear, from a careful reading of section 54774, that LAFCO was created by the Legislature for a special purpose, i.e., to discourage urban sprawl and to encourage the orderly formation and development of local governmental agencies. In short, LAFCO is the 'watchdog' the Legislature established to guard against the wasteful duplication of services that results from indiscriminate formation of new local agencies or haphazard annexation of territory to existing local agencies." Thus, in the processing of annexation petitions and determination of municipal boundaries in accord with statutory mandate, LAFCO is merely a creature of the Legislature, exercising a legislative function. (See also *Meyers* v. *Local Agency Formation Com.* (1973) 34 Cal.App.3d 955, 959-961 [110 Cal.Rptr. 422].)

■ There remains the issue of whether as a matter of statutory interpretation section 54793 (see fn. 2, *ante*) requires more than placing in the published notice a metes and bounds description of the exterior boundaries of the area to be annexed.

Appellant argues that the statute should be interpreted to require, as a minimum, a map or a commonly understandable description which would enable interested persons to identify their property as being encompassed within the area to be annexed. While the argument would have merit if we were discussing the minimum notice required by constitutional due process (cf. *Firestone Tire & Rubber Co.* v. *Board of Supervisors, supra,* 166 Cal.App.2d at pp. 527-528; see also *Mullane* v. *Central Hanover Tr. Co.* (1950) 339 U.S. 306, 314 [94 L.Ed. 865, 873, 70 S.Ct. 652, 657]; *Johnson* v. *Alma Inv. Co.* (1975) 47 Cal.App.3d 155, 159 [120 Cal.Rptr. 503]), respondent cites no authority for the startling proposition that the statute itself requires more than publication of the correct legal description. In fact, the trial court stated: "In this proceeding, the notice given, while it complies with the [G]overnment [C]ode, is no notice," concluding that the notice was in accord with the statute but that due process (but not the statute) required more. However, as we have pointed out, due process is not an issue and we are concerned only with what the Legislature requires, not with what the best notice would be or what procedure or mode of giving notice may best be calculated to give actual notice. The Legislature was undoubtedly cognizant of the large and impractical, if not impossible, burden in many cases which would be

placed upon districts and municipalities to give notice in any other fashion, and the Legislature in its wisdom had the authority to make that determination, free from judicial interference. Publication by legal description has traditionally been considered to comply with the statutory requirements of publication in many notice proceedings absent a more specific statutory direction for something in addition.

Also, in this connection, it is noted that in some types of proceedings by political bodies the Legislature has required maps to be published and other types of notice to be given, and the absence of such a provision here brings into operation the maxim *expressio unius est exclusio alterius* (the expression of one thing is the exclusion of another).

Finally, the Legislature has prescribed that, in addition to publication, written notice be given to the assessed owners of the land of the hearing on the city's resolution to annex. (See fn. 3, *ante.*) Thus, should the proceedings go forward, respondent would have actual notice and an opportunity to be heard before the body whose action would in fact result in the annexation of his property before the action is taken. The Legislature undoubtedly concluded that under the circumstances one personal written notice of the proceedings to the landowner is sufficient, and it is exclusively within its province to make that determination.

The judgment is reversed.

Gargano, J., and Franson, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied August 20, 1975. Clark, J., did not participate therein.