[Civ. No. 38178. First Dist., Div. One. Jan. 3, 1978.]

CITY OF SANTA CRUZ, Plaintiff and Appellant, v.
LOCAL AGENCY FORMATION COMMISSION OF SANTA CRUZ
COUNTY, Defendant and Respondent;
CITY OF CAPITOLA et al., Real Parties in Interest and Respondents.

**COUNSEL**

Rodney R. Atchison, City Attorney, Atchison, Haile & Haight, and Neal R. Anderson for Plaintiff and Appellant.

Adams, Ball, Wenzel & Kilian and David H. Adams as Amici Curiae on behalf of Plaintiff and Appellant.

C. A. Carlson, County Counsel, and James Ritchie, Assistant County Counsel, for Defendant and Respondent.

Dawson & Manning, Richard M. Manning, Wyckoff, Parker, Boyle & Pope, Philip T. Boyle, Pettit, Evers & Martin, Robert A. Thompson and Theodore Russell for Real Parties in Interest and Respondents.

## OPINION

**ELKINGTON, J.**—The principal issues of this appeal concern administrative procedure, and criteria for judicial review, in relation to determinations of "local agency formation commissions" organized and functioning under authority of the Knox-Nisbet Act (hereinafter sometimes the Act), which is codified as Government Code sections 54773-54799.5.

The Act provides that there shall be a local agency formation commission in each county of the state. (§ 54780.) Among other things, the commission has the power, subject of course to judicial review, to finally approve or disapprove applications for the annexation of territory to local agencies within the county. (§ 54790, subd. (a)(3).) Among the Act's declared purposes are "the discouragement of urban sprawl," the "orderly formation and development of local governmental agencies," and the encouragement and planning of "well-ordered, efficient urban development patterns . . . ." (§§ 54774, 54774.5.) The commission is charged with the duty of making up-to-date determinations of the "spheres of influence" of the county's local governmental entities. (§ 54774.) And the "spheres of influence, after adoption, shall be used by the commission as a factor in making regular decisions on proposals over which it has jurisdiction." (§ 54774.)

In addition to its continuing review, and updating, of spheres of influence, "the local agency formation commission shall initiate and make studies of existing governmental agencies," which studies "shall include but shall not be limited to inventorying such agencies and determining their maximum service area and service capacities." (§ 54774.) Among such services are fire and police protection, water supply, sewage disposal and schools. And the "commission shall make its studies available to public agencies and any interested person." (§ 54774.)

In relation to the adoption or amendment of a sphere of influence of, or a proposal for annexation of territory to, a local governmental agency,

the commission is required to call and hold a "public hearing." At the hearing "the commission shall hear and consider oral or written testimony presented by any affected local agency or county or any interested person who wishes to appear." (§ 54774.1.) And in its determination of such matters the commission is required to consider certain criteria set forth in sections 54774 and 54796.

Such a local agency formation commission was created and functioning in Santa Cruz County. We shall hereafter refer to that commission, and to such commissions generally, as LAFCO; the context will make clear which meaning is intended.

In 1975 interested parties proposed to LAFCO that approximately 58 acres of land contiguous to the City of Capitola in Santa Cruz County be annexed to that city. Thereafter, and following public hearings as provided by the Act, LAFCO made a determination that the subject land was within the sphere of influence of the City of Capitola. And then, after another required public hearing, LAFCO made its determination approving annexation of the land to the City of Capitola.

The nearby City of Santa Cruz had opposed the annexation proceedings. That city sought to set aside LAFCO's determinations by a petition for writ of mandate. It did not appear therein whether the proceedings were in the nature of "administrative mandamus" under Code of Civil Procedure section 1094.5, or the "ordinary" or "traditional" mandamus of that code's section 1085.

Following a trial the superior court upheld the determinations of LAFCO, and entered judgment denying the mandate application of the City of Santa Cruz.

The appeal before us was taken by the City of Santa Cruz from that judgment.

## I.

The City of Santa Cruz contends that the proceedings of LAFCO were fatally defective because of its failure to make written findings of fact. And it further insists that in any event the superior court should have remanded the proceedings to LAFCO for the purpose of making such findings of fact.

We are thus presented with what appears to be a question of first impression: Upon sphere of influence and annexation determinations by LAFCO, are written findings of fact required by law?

From our study of relevant authority we have concluded that such written findings of fact are not required by law. The reasons for our conclusion follow.

It has long been held that when a local agency determines the boundaries of a city or whether territory should be annexed to such an entity, it is acting in a *quasi-legislative* capacity. The concept was restated recently in *Bookout* v. *Local Agency Formation Com.,* 49 Cal.App.3d 383, 386 [122 Cal.Rptr. 668]: "It is settled by a long, unbroken line of case authority that the matter of forming and adding new territory to municipal corporations, like cities and towns, and the extent and character of the territory to be included, are legislative matters which the Legislature has delegated to local municipalities to be performed in accordance with the appropriate legislative acts . . . because the nature of the power exercised is legislative and political rather than judicial . . . ." To the same effect see *People* v. *City of Palm Springs,* 51 Cal.2d 38, 45 [331 P.2d 4]; *In re Orosi Public Utility Dist.,* 196 Cal. 43, 59-61 [235 P. 1004]; *People* v. *Town of Ontario,* 148 Cal. 625, 630-631 [84 P. 205]; *Simi Valley Recreation & Park Dist.* v. *Local Agency Formation Com.,* 51 Cal.App.3d 648, 688 [124 Cal.Rptr. 635]; *Del Paso Recreation & Park Dist.* v. *Board of Supervisors,* 33 Cal.App.3d 483, 498-500 [109 Cal.Rptr. 169]; *Wilson* v. *Hidden Valley Mun. Water Dist.,* 256 Cal.App.2d 271, 278-281 [63 Cal.Rptr. 889]; *Calnev Pipe Line Co.* v. *City of Colton,* 230 Cal.App.2d 184, 189 [40 Cal.Rptr. 755]; *Yribarne* v. *County of San Bernardino,* 218 Cal.App.2d 369, 375-379 [32 Cal.Rptr. 847]; *Firestone Tire & Rubber Co.* v. *Board of Supervisors,* 166 Cal.App.2d 519, 528-530 [333 P.2d 378] (cert. den., 361 U.S. 9 [4 L.Ed.2d 49, 80 S.Ct. 58]).

■ In the application of this rule it has consistently been held that boundary and annexation determinations of LAFCO under the Act are *quasi-legislative* in nature. See *Simi Valley Recreation & Park Dist.* v. *Local Agency Formation Com., supra,* 51 Cal.App.3d 648, 687-688; *Bookout* v. *Local Agency Formation Com., supra,* 49 Cal.App.3d 383, 386-388; *City of Ceres* v. *City of Modesto,* 274 Cal.App.2d 545, 550-553 [79 Cal.Rptr. 168]. " '[I]n the processing of annexation petitions and determination of municipal boundaries in accord with statutory man-date, LAFCO is merely a creature of the Legislature, exercising a

legislative function.' " (*Simi Valley Recreation & Park Dist.* v. *Local Agency Formation Com., supra,* p. 688.)

An administrative agency such as LAFCO is nonetheless quasi-legislative in nature, though it holds public hearings and considers "testimony presented by any affected local agency or county or any interested person who wishes to appear." "[T]he fact that in the subject proceedings the [agency] was not enacting ordinances embodying rules and regulations does not make its actions any less quasi-legislative. [¶] Nor does the presence of certain elements usually characteristic of the judicial process mean that [its] action was quasi-judicial. . . . [¶] . . . The Legislature and administrators exercising quasi-legislative powers commonly resort to the hearing procedure to uncover, at least in part, the facts necessary to arrive at a sound and fair legislative decision. . . . Hence the presence of certain characteristics common to the judicial process does not change the basically quasi-legislative nature of the subject proceedings." (*Wilson* v. *Hidden Valley Mun. Water Dist., supra,* 256 Cal.App.2d 271, 279.)

"Mere ascertainment of facts as a basis for legislation does not render the process judicial or anything less than quasi legislative." (*City Council* v. *Superior Court,* 179 Cal.App.2d 389, 393 [3 Cal.Rptr. 796].) ■ "Where the proceedings are quasi legislative in character, a hearing of a judicial type is not required; a hearing allowed by legislative grace is not circumscribed by the restrictions applicable to judicial or quasi judicial adversary proceedings." (*Franchise Tax Board* v. *Superior Court,* 36 Cal.2d 538, 549 [225 P.2d 905]; *Brock* v. *Superior Court,* 109 Cal.App.2d 594, 606 [241 P.2d 283].) "To restrict [a quasi-legislative] agency to evidence produced at the time and place specified in the public notice would generate undesirable inflexibility" (*California Optometric Assn.* v. *Lackner,* 60 Cal.App.3d 500, 508 [131 Cal.Rptr. 744]). It is commonly accepted practice, not at all incompatible with the concept of a public hearing, for quasi-legislative agencies to receive staff recommendations before the hearing. The complexity of matters before legislative bodies simply does not permit them to act only on input received at the hearing.

■ Nor is there a constitutional right to *any* hearing. (*Simi Valley Recreation & Park Dist.* v. *Local Agency Formation Com., supra,* 51

Cal.App.3d 648, 689; *Bookout* v. *Local Agency Formation Com., supra,* 49 Cal.App.3d 383, 387.) In such a proceeding "due process of law" is not an issue. (*Weber* v. *City Council,* 9 Cal.3d 950, 957 [109 Cal.Rptr. 553, 513 P.2d 601]; *Simi Valley Recreation & Park Dist.* v. *Local Agency Formation Com., supra,* p. 689; *Bookout* v. *Local Agency Formation Com., supra,* p. 388.) And the judicial "function in passing upon the efficacy of the *means* employed by the [quasi-legislative] agency to effectuate the statutory purposes is . . . a very limited one." (*Ralphs Grocery Co.* v. *Reimel,* 69 Cal.2d 172, 179 [70 Cal.Rptr. 407, 444 P.2d 79].)

■ "An administrative order, legislative in character, is subject to the same tests as to validity as an act of the Legislature." (*Knudsen Creamery Co.* v. *Brock,* 37 Cal.2d 485, 494 [234 P.2d 26]; *Board of Supervisors* v. *California Highway Commission,* 57 Cal.App.3d 952, 960 [129 Cal.Rptr. 504].)

■ Written findings of fact are customarily required in judicial proceedings, or those of a quasi-judicial administrative agency, for in such contexts the rights of persons are involved. However, no statute or authority known to us requires such findings in quasi-legislative determinations. As said in *Wilson* v. *Hidden Valley Mun. Water Dist., supra,* 256 Cal.App.2d 271, 280, "the one determines individual rights, while the other involves the exercise of a discretion governed by considerations of the public welfare." Written findings of fact are alien to legislative procedures, for no person has a *right* to the adoption of legislation. And no one has any *right,* constitutional or otherwise, to be included, or excluded, from a proposed annexation. (*People* v. *City of Palm Springs, supra,* 51 Cal.2d 38, 47; *Simi Valley Recreation & Park Dist.* v. *Local Agency Formation Com., supra,* 51 Cal.App.3d 648, 688-689; *Del Paso Recreation & Park Dist.* v. *Board of Supervisors, supra,* 33 Cal.App.3d 483, 498-500; *Calnev Pipe Line Co.* v. *City of Colton, supra,* 230 Cal.App.2d 184, 189-190.)

Only one case has been brought to our attention where, in quasi-legislative administrative proceedings, the right of interested persons to written findings of fact was at issue, or even discussed. That authority, *Board of Supervisors* v. *California Highway Commission, supra,* 57 Cal.App.3d 952, concerned a quasi-legislative determination of an administrative agency. Responding to a contention that written findings of fact were required, the court said (p. 961): *"The decision involved here*

*is not adjudicatory or quasi-judicial in nature and thus no findings are required."* (Italics added.)

Nor is merit seen in the argument that Code of Civil Procedure section 1094.5 and the recent case of *Topanga Assn. for a Scenic Community* v. *County of Los Angeles,* 11 Cal.3d 506, 514-517 [113 Cal.Rptr. 836, 522 P.2d 12], require written findings of fact by an administrative agency in a context such as that here before us.

■ Administrative mandamus, according to Code of Civil Procedure section 1094.5, is the "appropriate method of reviewing acts of a . . . *quasi-judicial agency* . . . ." (*People* v. *County of Tulare,* 45 Cal.2d 317, 319 [289 P.2d 11]; italics added.) " 'It is now settled that section 1094.5 governs review by mandamus after a formal *adjudicatory* decision by any administrative agency. . . . "The decisive question is whether the agency exercises an *adjudicatory* function in considering facts presented in an administrative hearing." ' " (*County of L. A.* v. *Tax Appeals Bd.,* 267 Cal.App.2d 830, 833 [73 Cal.Rptr. 469], italics added; and see authority there collected.) "Section 1094.5 authorizes judicial review *only* of the exercise by an administrative agency of an adjudicatory or quasi-judicial function." (*Wilson* v. *Hidden Valley Mun. Water Dist., supra,* 256 Cal.App.2d 271, 277-278; italics added.) " '[A]n examination of the legislative history of [§ 1094.5] convinces us that it was not intended that the section apply to . . . any quasi-legislative acts of an administrative body.' " (*Pitts* v. *Perluss,* 58 Cal.2d 824, 833 [27 Cal.Rptr. 19, 377 P.2d 83].)

Where an administrative agency "was exercising quasi-legislative powers . . . the judicial review of such action made by the trial court in [that] case had to be made under ordinary mandamus (Code Civ. Proc., § 1085) and not under administrative mandamus. (Code Civ. Proc., § 1094.5.)" (*Wilson* v. *Hidden Valley Mun. Water Dist., supra,* 256 Cal.App.2d 271, 278; fn. omitted.) "The courts may rely upon mandamus under Code of Civil Procedure section 1085 to review the validity of a quasi-legislative action." (*Clean Air Constituency* v. *California State Air Resources Bd.,* 11 Cal.3d 801, 809 [114 Cal.Rptr. 577, 523 P.2d 617].) " 'If an administrative agency has exceeded its authority in the exercise of its quasi-legislative powers, a court may issue a [Code Civ. Proc., § 1085] writ of mandate. . . .' Thus the traditional writ of mandate is appropriate to review [such action], not the more specific writ of section 1094.5."

(*Board of Supervisors* v. *California Highway Commission, supra,* 57 Cal.App.3d 952, 958.)

■ Unlike Code of Civil Procedure section 1094.5, section 1085 requires no written findings of fact in relation to administrative decisions reviewable under that statute. (See *Board of Supervisors* v. *California Highway Commission, supra,* 57 Cal.App.3d 952, 958-961, and authority there collected.)

And we note that *Topanga Assn. for a Scenic Community* v. *County of Los Angeles, supra,* 11 Cal.3d 506, 514-517, expressly recites that its requirement of findings of fact relates to administrative orders reviewable under "Code of Civil Procedure section 1094.5, the state's administrative mandamus provision which structures the procedure for judicial review of adjudicatory decisions rendered by administrative agencies." (See also *City of Fairfield* v. *Superior Court,* 14 Cal.3d 768, 779 [122 Cal.Rptr. 543, 537 P.2d 375].)

II.

■ Upon commencement of the City of Santa Cruz' mandate proceedings the secretary-clerk of LAFCO certified the "administrative record." Generally it contained matters which had been expressly adverted to at the subject hearings. Thereafter, LAFCO's executive officer certified another "administrative record." It was much more extensive; it contained studies, reviews and reports previously made by and for LAFCO, concerning the spheres of influence of the Cities of Santa Cruz and Capitola and the services affordable by those communities in the event of their annexation of territory.

In the superior court the City of Santa Cruz objected to the use of the second administrative record on the following grounds: "Much of what is contained in there was not presented to the Local Agency Formation Commission, . . . ." "It's just as if I came into court with evidence and didn't offer it in evidence. It was never offered into evidence. . . ." "They were never submitted to the commissioners . . . ." "I believe that the documents actually have to be presented to the commissioners in order for it to be said that they can be considered as going to the substantive evidence upon which their decision is based." "All I'm saying is that what happened here is that there was very little information actually presented to the commissioners, and because references were made to

documents which probably had been presented to the commissioners that were sitting on the commission in 1964 or in 1965, the real parties in interest are now contending that these are part of the record." "I indicated at the outset here that I talked to Mr. Hanna [LAFCO's executive officer] on the phone this morning, and Mr. Hanna indicated that the documents were present in the hearing room. I would also assume that he would testify to that. . . . And he would testify that the bulk of [the second administrative record] were never actually presented to the commissioners." "Your Honor, I'd like to call Mr. Hanna to testify to that."

The superior court "accepted [the] offer of proof" and overruled the City of Santa Cruz' objections. Both of the administrative records were thereafter considered by the court. As a result the City of Santa Cruz claims prejudicial error.

We observe that no point is made that the "documents" to which "references" were made at the hearings, and which "were present in the hearing room," were not available for inspection and consideration at all reasonable times by the City of Santa Cruz and all interested persons, as required by section 54774 of the Act.

The contention is patently without merit. LAFCO, as a quasi-legislative administrative agency, must in reason be presumed to have considered its earlier studies, reviews and reports, made at the expense of time and money in response to the Act's mandate, as well as such evidence as was initially produced at the hearings. The validity of such studies, reviews and reports did not depend upon their being "presented" anew to the commissioners at the hearings. As we have pointed out, a quasi-legislative hearing "allowed by legislative grace is not circumscribed by the restrictions applicable to judicial or quasi judicial adversary proceedings." (See *Franchise Tax Board* v. *Superior Court, supra,* 36 Cal.2d 538, 549.)

### III.

It is next contended: "There is no substantial evidence to support the decision of the Local Agency Formation Commission."

The superior court proceedings, as we have pointed out, must be deemed the "ordinary" or "traditional" mandate proceedings of Code of

Civil Procedure section 1085. ■ The standard for judicial review of LAFCO's determinations by the superior court, and now this court, was recently stated by *Strumsky* v. *San Diego County Employees Retirement Assn.,* 11 Cal.3d 28, 34, fn. 2 [112 Cal.Rptr. 805, 520 P.2d 29], as follows:

"[W]hen review is sought by means of ordinary mandate (Code Civ. Proc., § 1085) ' "judicial review is limited to an examination of the proceedings before the [agency] to determine whether [its] action has been arbitrary, capricious, or entirely lacking in evidentiary support, or whether [it] has failed to follow the procedure and give the notices required by law." ' "

We treat both of the previously discussed "administrative records" as. the "whole record" of the here questioned administrative determinations of LAFCO. From the whole record we conclude that those determinations were neither "arbitrary" nor "capricious," and that LAFCO followed the "procedure and [gave] the notices required by law"; we do not understand that the City of Santa Cruz contends otherwise. Applying the substantial evidence rule (see *Green Trees Enterprises, Inc.* v. *Palm Springs Alpine Estates, Inc.,* 66 Cal.2d 782, 784-785 [59 Cal.Rptr. 141, 427 P.2d 805]), we find abundant evidence, presumably believed by the superior court, which adequately supported LAFCO's determinations. It is of no consequence that LAFCO, believing other evidence and drawing different inferences, might have come to other conclusions. It thus appears that the remaining requirement of *Strumsky* v. *San Diego County Employees Retirement Assn., supra,* 11 Cal.3d 28, i.e., that LAFCO's determinations were not "entirely lacking in evidentiary support," has also been met.*

The instant contention is therefore found invalid.

A related contention is that LAFCO did not adequately and completely take into consideration the criteria set forth in Government Code

---

*The superior court made "findings of fact" as follows: "a. The Commission did not act without or in excess of jurisdiction; b. There was a fair hearing; c. There was no abuse of discretion; the Commission proceeded in the manner required by law; the Commission's findings were supported by substantial evidence in the light of the whole record; the Commission's decision was supported by·the findings."

The reference to findings obviously was to "implied" findings for, as we have pointed out, LAFCO had made no "express." findings. We construe that portion of the court's recital as its finding and conclusion that each of LAFCO's determinations was supported by "substantial evidence in the light of the whole record."

section 54796. The record before LAFCO contained factual information which, if believed, established that its "sphere of influence" and "annexation" determinations were substantially in harmony with section 54796's criteria. We must presume that LAFCO considered the criteria as required by the Act, and took such a view of the record.

### IV.

A member of LAFCO who voted for the here questioned quasi-legislative determinations had missed two of the several hearings thereon. The City of Santa Cruz, relying principally upon *Feist* v. *Rowe,* 3 Cal.App.3d 404 [83 Cal.Rptr. 465], contends that the determinations, for that reason, were invalidated.

*Feist* v. *Rowe* holds that an administrative agency's determination may not depend upon the vote of a "member who did not hear the evidence." (3 Cal.App.3d, p. 420.) But the court was there reviewing, under Code of Civil Procedure section 1094.5, a quasi-judicial determination concerning the dismissal of a public schoolteacher. *Feist* v. *Rowe*'s rule patently does not apply to proceedings before a quasi-legislative body. And it will reasonably be presumed that the previously absent member, from the records of the meetings he had missed and otherwise, had adequately advised himself concerning the matters upon which he had voted. Moreover, as we have previously pointed out, "[w]here the proceedings are quasi legislative in character, a hearing of a judicial type is not required; . . ." (*Franchise Tax Board·*v. *Superior Court, supra,* 36 Cal.2d 538, 549; *Brock* v. *Superior Court, supra,* 109 Cal.App.2d 594, 606.)

### V.

The Act (§ 54799.1) permits, after a determination by LAFCO, any interested person dissatisfied with the determination to, in effect, apply for reconsideration. LAFCO, in its discretion, may "deny or approve such application in whole or in part, . . ." It is then provided that such denial or approval "shall be final and conclusive and no further application shall be made pursuant to this section requesting the same or substantially the same addition, deletion, amendment or revision of the commission's resolution making determinations."

The here contested "annexation" determination of LAFCO had initially contained a certain "tax revenue sharing" provision. An application of interested parties under the Act's section 54799.1 for reconsideration of that provision was denied. Thereafter, it appearing to LAFCO that the tax revenue sharing provision was unlawful, it was deleted. All appear to agree that the provision was in fact unlawful and beyond the power of LAFCO to so provide.

The City of Santa Cruz contends on appeal that the deletion resulted from an impermissible "further application" requesting the same deletion of the tax revenue sharing provision. Continuing, the city argues that since the deletion took the form of a superseding LAFCO resolution approving the annexation without the tax revenue sharing provision, the annexation determination itself was invalid. No merit is seen in the contentions.

We are of the opinion that the unlawful tax revenue sharing provision was in the nature of a void order. " '[A] court may set aside a void order at any time.' " (*People* v. *West Coast Shows, Inc.,* 10 Cal.App.3d 462, 467 [89 Cal.Rptr. 290], and see authority there collected.) In reason, a void determination of a quasi-legislative administrative agency may, and should, also be set aside by its maker whenever its invalidity is discovered. We apply such a rule here.

For these several reasons we observe no error in the proceedings of the superior court.

The judgment is affirmed.

Racanelli, P. J., and Sims, J., concurred.