[Civ. No. 58449. Second Dist., Div. One. Nov. 10, 1980.]

AMERICAN FEDERATION OF TEACHERS, COLLEGE GUILD, LOCAL 1521, Plaintiff and Appellant, v.
LOS ANGELES COMMUNITY COLLEGE DISTRICT et al., Defendants and Respondents.

COUNSEL

Geffner & Satzman and Howard Z. Rosen for Plaintiff and Appellant.

Robert J. Henry for Defendants and Respondents.

OPINION

**LILLIE, J.**—American Federation of Teachers appeals from judgment denying its petition for writ of mandate to compel the Los Angeles Community College District (District) and its board of trustees to grant to all instructors of journalism employed by the District salary credit for occupational experience regardless of the date such instructors were hired.

The facts are without dispute. Pursuant to rules adopted by the board of trustees in 1974, employees in positions requiring certification qualifications when they are hired, are allowed credit for approved experience for the purpose of determining salary placement. In accordance with those rules, the District maintains a list of specific academic and vocational fields of instruction in which credit for occupational experience may be granted. Over the years the list has been modified to include new fields in which occupational experience may be credited to newly hired certificated employees. Effective September 13, 1976, the District added journalism as a field of instruction in which occupational experience credit may be granted to new employees for salary purposes. This inclusion of journalism, as is the case with other additions to the list, was prospective; i.e., it applied only to instructors hired on or after the date the subject was added to the list. The District grants occupational experience salary credit to newly hired employees for any one or a combination of the following reasons: (1) recruitment of instructors in fields in which there is high demand for, and a low supply of instructors; (2) a determination that occupational experience has become relevant to a particular field of instruction. In recent years the teaching of journalism has placed increased emphasis on the production of a college newspaper and less emphasis on purely academic instruction in a traditional classroom environment. For that reason the District considered it desirable to grant salary credit upon initial hire to instructors of journalism who have a background of occupational experience in that field and related fields. Jack Searles, an instructor of journalism with

occupational experience in that field who was hired by the District in 1971, filed a grievance claiming the right to receive occupational experience salary credit. Following a hearing, the board of review issued its advisory decision that Searles is entitled to such credit. The board of trustees reversed that decision.

Thereafter, the American Federation of Teachers, as representative of the certificated employees of the District, commenced the instant mandamus proceeding, alleging that the rules limiting occupational experience salary credit to instructors of journalism hired after September 13, 1976, are arbitrary and capricious and violate the equal protection clauses of the federal Constitution and the California Constitution. After making findings of fact reflecting the facts recited herein, the trial court concluded that a rational basis exists for limiting occupational experience salary credit to instructors of journalism employed by the District on or after September 13, 1976; therefore, the rules are not arbitrary or capricious and do not deny equal protection of the laws to instructors of journalism with occupational experience who were hired by the District before that date. On this appeal from the ensuing judgment denying petition for writ of mandate, the sole issue is the correctness of the trial court's conclusions.

Respondents' rules governing the granting of occupational experience salary credit differentiate between instructors of journalism on the basis of the date they were hired, allowing such credit only to those instructors hired on or after the date journalism was added to the list of subjects in which occupational experience may be considered for salary purposes. Petitioner contends that such classification is arbitrary and results in denial of equal protection to journalism instructors with the requisite experience who were hired before that date.

■ Guarantees of equal protection are not violated by the fact alone that a statute treats one class of persons differently from another. (*Hale v. Morgan* (1978) 22 Cal.3d 388, 395 [149 Cal.Rptr. 375, 584 P.2d 512].) Where, as here, no suspect classification is involved and purely economic interests are at stake,[1] the Legislature may draw any distinction between classes which bears some rational relationship to a

---

[1]Because the rules herein affect only salary levels, as opposed to employment itself, the classification is not suspect nor does it touch upon fundamental interests. Accordingly, the rules are not subject to a "strict scrutiny" standard of review. (See *California State Employees' Assn. v. Flournoy* (1973) 32 Cal.App.3d 219, 237 [108 Cal.Rptr. 251], cert. den., 414 U.S. 1093 [38 L.Ed.2d 550, 94 S.Ct. 724].)

conceivably legitimate state purpose. (*Vance* v. *Bradley* (1979) 440 U.S. 93, 96-97 [59 L.Ed.2d 171, 175-176, 99 S.Ct. 939]; *McDonald* v. *Board of Election* (1969) 394 U.S. 802, 808-809 [22 L.Ed.2d 739, 745, 89 S.Ct. 1404]; *Hale* v. *Morgan, supra,* 22 Cal.3d at p. 395; *Adams* v. *Superior Court* (1974) 12 Cal.3d 55, 60-61 [115 Cal.Rptr. 247, 524 P.2d 375]; *Brown* v. *Merlo* (1973) 8 Cal.3d 855, 861 [106 Cal.Rptr. 388, 506 P.2d 212, 66 A.L.R.3d 505].) ■ "'Wide discretion is vested in the Legislature in making the classification and every presumption is in favor of the validity of the statute; the decision of the Legislature as to what is a sufficient distinction to warrant the classification will not be overthrown by the courts unless it is palpably arbitrary. . . . [Citations.] A distinction in legislation is not arbitrary if any set of facts reasonably can be conceived that would sustain it.' [Citations.]" (*Estate of Horman* (1971) 5 Cal.3d 62, 75 [95 Cal.Rptr. 433, 485 P.2d 785].) Inasmuch as an administrative rule is subject to the same tests regarding validity as an act of the Legislature (*City of Santa Cruz* v. *Local Agency Formation Com.* (1978) 76 Cal.App.3d 381, 389 [142 Cal. Rptr. 873]), the foregoing principles are applicable in determining whether the rules herein are valid under the equal protection clause.

■ In recent years the teaching of journalism in the District has placed increasing emphasis on the function of producing a college newspaper as opposed to purely academic instruction. Therefore, the District now needs journalism instructors who have had occupational experience in that field. The District reasonably could conclude that, in order to add such instructors to its faculty, it is necessary to grant salary credit for occupational experience. The classification which limits occupational experience salary credit to newly hired journalism instructors thus is rationally related to the legitimate purpose of enabling the District to meet the changing emphasis in the instruction of journalism. It follows that such classification is not arbitrary and hence does not deny equal protection of the laws to journalism instructors with occupational experience who were hired by the District at a time when the instruction of journalism did not require such experience.

Petitioner argues that the ability necessary to instruct students in the production of a newspaper "is not a function of the instructor's hire date, but rather it is based exclusively upon his occupational experience." Accordingly, the District is obligated to grant occupational experience salary credit to all instructors of journalism with the requisite experience, regardless of the date they were hired. This argument ignores the purpose of the classification, which is to enable the District to

keep pace with the ever increasing emphasis on practice, as opposed to theory, in the instruction of journalism. In order to accomplish that purpose, it is apparent that the District henceforth must hire instructors who have had practical experience in journalism. The District determined that such policy could best be implemented by granting credit for occupational experience in fixing the salary of newly hired journalism instructors. It cannot be said that the resulting classification, which is based on the date of an instructor's initial employment by the District, is not rationally related to the legitimate purpose of assuring an adequate supply of instructors with the experience necessary for teaching the practical aspects of journalism.

The judgment is affirmed.

Spencer, P. J., and Roberson, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.