[Civ. No. 52134. First Dist., Div. One. Feb. 16, 1982.]

STAUFFER CHEMICAL COMPANY, Plaintiff and Appellant, v. AIR RESOURCES BOARD et al., Defendants and Respondents.

COUNSEL

John T. Hansen, Michael H. Salinsky, C. Douglas Floyd and Pillsbury, Madison & Sutro for Plaintiff and Appellant.

George Deukmejian, Attorney General, R. H. Connett, Assistant Attorney General, Joel S. Moskowitz, Deputy Attorney General, John F. Powell, Richard W. Grieves and Laurence G. Chaset for Defendants and Respondents.

OPINION

RACANELLI, P. J.—The Bay Area League of Industrial Associations, Stauffer Chemical Company, Chevron U.S.A., Inc., and Allied Chemical Company filed a petition for writ of mandamus and complaint for injunctive and declaratory relief challenging the validity of regulations adopted by the California State Air Resources Board (Board) superseding regulations enacted by the Bay Area Air Quality Management District (Bay Area District) governing sulphur dioxide emissions from industrial facilities in the Bay Area.[1] Thereafter, the trial court sustained respondents' general demurrer without leave to amend and dismissed the action with prejudice. Petitioner and plaintiff Stauffer Chemical Company alone appeals from the judgment of dismissal entered below.

 The sole question presented on appeal is whether the action taken by the Board in adopting certain sulphur dioxide regulations for the Bay Area District was arbitrary, capricious or entirely lacking in evidentiary support and whether the Board failed to follow the procedure required by law. In reaching the issue of claimed abuse, we examine the pleadings in light of the evidence contained in the administrative record incorporated by reference in order to determine whether a valid cause of action has been stated. (See *Faulkner* v. *Cal. Toll Bridge Authority* (1953) 40 Cal.2d 317, 329 [253 P.2d 659]; see also *Lewin* v. *St. Joseph Hospital of Orange* (1978) 82 Cal.App.3d 368, 387 [146 Cal.Rptr. 892].) We conclude for the reasons stated that the order of dismissal was proper.

PROCEDURAL BACKGROUND

Under the air pollution control provisions of the Air Resources Act, as amended (Health & Saf. Code, § 39000 et seq.),[2] the Board is under a duty to "[a]dopt standards of ambient air quality for each air basin [in the state]" (§ 39606, subd. (b)). Once adopted, it becomes the duty of local and regional air quality districts, including respondent district, to promulgate and implement rules and regulations reasonably assuring achievement and maintenance of the state standards. (See §§ 40000-

---

[1]Since the interests of respondent agencies and named officials appear identical, we refer to them collectively as respondents or Board unless otherwise indicated.

[2]All section references are to this code unless otherwise indicated.

40002.) The statutory scheme empowers the Board to oversee the effectiveness of local programs and regulations (see § 41500, subd. (b)) with ultimate authority to establish a program or "rules and regulations . . . necessary to enable the district to achieve and maintain such ambient air quality standards." (§ 41504, subd. (a).)[3] Pursuant to such statutory authority, the Board on September 20, 1978, published a notice of intention to consider amendments to regulation 2 of respondent district. On October 25, 1978, a public hearing was held relating to the proposed amendments resulting in the Board's adoption of certain amendments which, in essence, provided a stricter standard limiting the amount of allowable sulphur dioxide emissions from specific sources.

## CONTENTIONS

Stauffer's claim of invalidity is grounded upon two theories: first, that in conducting the required hearing, the Board failed to provide a reasoned response to significant opposing comments thus precluding meaningful judicial review;[4] second, that the resultant action of the Board is unsupported by adequate findings as required by law in order to permit meaningful review. We consider those arguments in a manner promoting convenience of discussion.

## DISCUSSION

Preliminarily, we note there is no dispute that the proceedings undertaken by the Board are quasi-legislative in nature thus limiting judicial review to whether the action taken was arbitrary, capricious, or entirely lacking in evidentiary support, or contrary to required legal procedures. (*Strumsky* v. *San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28, 34-35, fn. 2 [112 Cal.Rptr. 805, 520 P.2d 29]; *Building Code Action* v. *Energy Resources Conservation & Dev. Com.* (1980) 102 Cal.App.3d 577, 584-585 [162 Cal.Rptr. 734]; *Davies* v. *Contrac-*

---

[3]Subdivision (a) provides: "If, after a public hearing, the state board finds that the program or the rules and regulations of a district will not likely achieve and maintain the state's ambient air quality standards, the state board may establish a program, or portion thereof, or rules and regulations it deems necessary to enable the district to achieve and maintain such ambient air quality standards."

[4]Under section 39601, the mandated public hearing must be conducted in compliance with the provisions of the Administrative Procedure Act (formerly Gov. Code, § 11420 et seq.; since repealed and renumbered as Gov. Code, § 11346 et seq. by Stats. 1979, ch. 567, § 1) which required the Board—inter alia—to consider "all relevant matter presented to it before adopting, amending or repealing any regulation." (See former Gov. Code, § 11425, now Gov. Code, § 11346.8).

*tors' State License Bd.* (1978) 79 Cal.App.3d 940, 946 [145 Cal.Rptr. 284].) ■ Although the right to a hearing in quasi-legislative matters is not constitutionally compelled (*City of Santa Cruz v. Local Agency Formation Com.* (1978) 76 Cal.App.3d 381, 388-389 [142 Cal.Rptr. 873]; *California Optometric Assn. v. Lackner* (1976) 60 Cal.App.3d 500, 505 [131 Cal.Rptr. 744]), both the statutory mandate (former Gov. Code, § 11425, now § 11346.8; Health & Saf. Code, §§ 41502, 41504) and principles of fairness require a public hearing before a state agency may render its quasi-legislative decision. (*California Assn. of Nursing Homes etc., Inc. v. Williams* (1970) 4 Cal.App.3d 800, 811 [84 Cal.Rptr. 590, 85 Cal.Rptr. 735].) While the purpose of such hearing—in part—is to provide an evidentiary record permitting meaningful judicial review (*id.*, at pp. 811, 815-816), the hearing need not be "trial-like" in nature. (*California Optometric Assn. v. Lackner, supra,* 60 Cal.App.3d at p. 507.) Nor is there any ineluctable right to present rebuttal evidence (*ibid.*; *Building Code Action v. Energy Resources Conservation & Dev. Com., supra,* 102 Cal.App.3d 577) or any requirement that the agency prepare findings in support of its quasi-legislative decision. (*City of Santa Cruz v. Local Agency Formation Com., supra,* 76 Cal.App.3d at pp. 389, 390-391; *California Optometric Assn. v. Lackner, supra,* 60 Cal.App.3d at p. 508.) It is only when an administrative agency renders an *adjudicatory* decision that findings are required in order "to bridge the analytic gap between the raw evidence and ultimate decision . . . ." (*Topanga Assn. for a Scenic Community v. County of Los Angeles* (1974) 11 Cal.3d 506, 515 [113 Cal.Rptr. 836, 522 P.2d 12].)

■ Moreover, judicial review of a *quasi-legislative* action is limited to ordinary mandamus (Code Civ. Proc., § 1085) rather than administrative mandamus (Code Civ. Proc., § 1094.5). (*Clean Air Constituency v. California State Air Resources Bd.* (1974) 11 Cal.3d 801, 809 [114 Cal.Rptr. 577, 523 P.2d 617]; *Strumsky v. San Diego County Employees Retirement Assn., supra,* 11 Cal.3d 28, 34, fn. 2.) ■ Unlike the broad scope of review provided in administrative mandamus proceedings, review by ordinary mandamus is confined to an examination of the agency proceedings to determine whether the action taken is arbitrary, capricious or entirely lacking in evidentiary support, or whether it failed to conform to procedures required by law. (*Ibid.*) Such limited judicial review forecloses inquiry as to the agency's reasons for its *legislative* action. So long as a reasonable basis for such action exists, the motivating factors considered in reaching the decision are immaterial (*Davies v.*

*Contractors' State License Bd., supra,* 79 Cal.App.3d 940, 947) and supportive findings are not required. (*City of Santa Cruz v. Local ·Agency Formation Com., supra,* 76 Cal.App.3d at pp. 390-391; *Board of Supervisors v. California Highway Commission* (1976) 57 Cal.App. 3d 952, 958-961 [129 Cal.Rptr. 504].) The limited scope of review of quasi-legislative administrative action is grounded upon the doctrine of separation of powers which (1) sanctions legislative delegation of authority to an appropriate administrative agency and (2) acknowledges the presumed expertise of the agency. (*California Hotel & Motel Assn. v. Industrial Welfare Com.* (1979) 25 Cal.3d 200, 211-212 [157 Cal. Rptr. 840, 599 P.2d 31].) In technical matters requiring the assistance of experts and the study of marshalled scientific data as reflected herein, courts will permit administrative agencies to work out their problems with as little judicial interference as possible. (*Industrial Welfare Com. v. Superior Court* (1980) 27 Cal.3d 690, 702 [166 Cal.Rptr. 331, 613 P.2d 579], app. dism. 449 U.S. 1029 [66 L.Ed.2d 492, 101 S.Ct. 602].)

 Stauffer's contention that judicial review is effectively thwarted unless accompanied by findings or a statement of reasons is unsound. As is often the case, the agency's enactment itself serves to explain its quasi- legislative decision. (See *California Optometric Assn. v. Lackner, supra,* 60 Cal.App.3d at p. 508.) Here, the Board's resolution contains numerous recitals disclosing the underlying basis for the amendment to regulation 2. Moreover, plaintiffs' prelitigation petition for reconsideration was heard and denied with a written decision which again explicated the basis of the Board's resolution.

It bears repetition that Stauffer does not argue that the Board's recitals are entirely lacking in evidentiary support. Nor is it claimed that the Board's amendment to regulation 2 is otherwise unjustified or arbitrary. Stauffer's central claim of error focuses upon the Board's failure to provide express findings, a statement of reasons and a detailed response to public comments.

Stauffer's heavy reliance on language found in *California Hotel & Motel Assn. v. Industrial Welfare Com., supra,* 25 Cal.3d 200 [validity of wage orders] is misplaced. That case is clearly distinguishable since the governing statute involved therein expressly required the Industrial Welfare Commission to prepare "a statement as to the basis upon which the [wage] order [was] predicated . . . ." (Lab. Code, § 1177.)

No similar statutory duty existed herein;[5] nor should such a duty be judicially fashioned in retrospect.

In summary, the narrow scope of judicial inquiry into quasi-legislative actions is restricted to an examination of the record for procedural compliance and the existence *vel non* of an evidentiary basis for the challenged action in order to determine whether such administrative action was arbitrary or capricious. The reasoning or wisdom underlying the agency's action is beyond the scope of judicial inquiry. (*Faulkner* v. *Cal. Toll Bridge Authority, supra*, 40 Cal.2d at p. 329.) Our examination reveals neither procedural irregularity nor absence of a sufficient evidentiary basis. Accordingly, no valid cause of action has been stated, and the demurrer was properly sustained.

Judgment of dismissal affirmed.

Newsom, J., and Martin, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 12, 1982.

---

[5]Parenthetically, we observe that Government Code section 11346.7, effective July 1, 1980, now requires a statement of the reasons for *proposing* the adoption or amendment of a regulation, to be updated prior to final adoption of the regulation. Stauffer concedes that the new provisions of the Administrative Procedure Act would not apply to the Board's action herein.

*Assigned by the Chairperson of the Judicial Council.